UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

JING FANG LUO and SHUANG QIU HUANG,    :

                     Plaintiffs,    :

           v.    :

PANARIUM KISSENA INC. d/b/a    :
FAY DA BAKERY et al.,

                Defendants,    :

----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  MAR 3 1 2017  ★

BROOKLYN OFFICE

DECISION & ORDER
15-CV-3642 (WFK) (SLT)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Jing Fang Luo and Shuang Qiu Huang (together, "Plaintiffs") are former employees of a bakery chain doing business as Fay Da Bakery. Am. Compl. ¶¶ 13–14, ECF No. 36. Plaintiffs brought this action on behalf of themselves and similarly situated employees against numerous corporations operating as individual locations of Fay Da Bakery, several other entities in the Fay Da Bakery corporate family, and two individuals who allegedly own or manage the corporate entities (collectively, "Defendants"). *Id.* at 2. Plaintiffs seek, *inter alia*, to recover allegedly illegal meal deductions and unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law ("NYLL"). *Id.* ¶¶ 114–16, 124–46, 152–61. On June 20, 2016, Plaintiffs moved for an order (1) certifying a FLSA collective action of similarly situated employees, (2) approving the proposed notice and consent forms for mailing to putative opt-in plaintiffs, (3) requiring Defendants to post the notice and consent forms in their places of business, and (4) permitting all similarly situated individuals 90 days to opt into the class. ECF No. 47. The Court referred this request to Magistrate Judge Steven Tiscione, who, after holding a motion hearing on July 7, 2016, issued a Report and Recommendation ("R&R") on November 23, 2016, recommending the motion be granted in part and denied in part. ECF No. 57. Plaintiffs filed their Objections to the R&R on March 8, 2016. ECF No. 59. After a *de novo* review of the record, the Court ADOPTS the R&R in full.

## BACKGROUND

    The Court assumes the parties' familiarity with the underlying facts of this case, which are detailed in Magistrate Judge Tiscione's R&R.

    The R&R recommends Plaintiffs' motion for conditional certification be granted in part and denied in part. Specifically, Magistrate Judge Tiscione recommended the Court certify a collective action with respect to employees who worked at the three locations where Plaintiffs worked but deny the motion as to other bakery locations and approve Plaintiffs' proposed notice

of Pendency and Consent forms with several modifications as to the language and conditions.
*See generally* R&R.  Plaintiffs filed objections to the R&R on March 8, 2016, *see* Objections;
Defendants did not file a reply.  After a *de novo* review of the record, the Court ADOPTS the
recommendations contained in the R&R in full.

## DISCUSSION

### I.    Legal Standard

In reviewing a report and recommendation, the Court "may accept, reject, or modify, in
whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §
636(b)(1).  The Court must conduct a *de novo* review of any contested portions of the Report and
Recommendation when a party makes specific objections to the magistrate judge's findings.
*Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15,
2014) (Matsumoto, J.).  The Court is "permitted to adopt those sections of a magistrate judge's
report to which no specific objection is made, so long as those sections are not facially
erroneous." *Id.* (citing *Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July
31, 1995) (Sotomayor, J.)).

### II.   Analysis

#### A. Conditional Certification

In his R&R, Magistrate Judge Tiscione found (1) Plaintiffs had "made a sufficient
showing that Defendants engaged in an unlawful policy for the purposes of conditional
certification," and (2) Defendants "are a 'single employer' for the instant purposes," but (3) "the
record before the Court provide[d] an insufficient basis" on which to assume the policies from
the three bakeries Plaintiffs alleged personal knowledge of were in force at all other Fay Da
Bakery locations. R&R at 13–14, 17–19. The Magistrate Judge therefore recommended the
Court conditionally certify a class limited to those employees who worked at the 41-60 Main

Street, 136-18 39th Avenue, and 46-15 Kissena Boulevard locations. *Id.* at 19, 22. Defendants did not object to this recommendation. Plaintiffs objected on the ground that Magistrate Judge Tiscione "completely disregard[ed] Defendants' bare admission" that "a meal deduction policy was in place at all of Defendants' stores" and failed to consider "the overall record" in context, instead considering statements in isolation. Objections at 3–6. The Court disagrees, and holds that Magistrate Judge Tiscione's recommendation is supported by the record.

The record does not support the proposition that all bakery locations had meal deduction policies in place, and the Court cannot certify a collective that includes employees at stores where it is not clear the allegedly unlawful policies applied. *See, e.g., Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 458 (E.D.N.Y. 2014) (Tomlinson, J.) (declining to find stores were similarly situated in light of "vague assertions" and "lack of knowledge" of violations at all stores). Plaintiffs' attempt to circumvent this rule by contending Defendants' statement, made in an email, that "all of the stores which were then operating and the main bakery" "took the meal credit" clarifies Defendants' meal practices during the relevant time period is unavailing. Objections at 3–4. In the same document in which that admission appears, just sentences prior, Defendants directly contradict the quoted admission by stating, "No Defendant had a 'meal deduction policy.'" ECF No. 54-2 (setting forth email correspondence between parties regarding alleged discovery deficiency). This perfectly exemplifies the ambiguity Magistrate Tiscione was concerned about.

The interrogatories from the discovery the parties have conducted do not elucidate the matter. Plaintiffs suggest the Court could determine, from a series of inferences and "[b]y process of elimination," that "all the individual, stand-alone bakeries, and Fay Da Manufacturing Corp., the central bakery supplying the retail locations" took meal deductions. Objections at 5.

Specifically, Plaintiffs point to Defendants' interrogatory response that "some of the locations took a meal credit," but "[t]hese locations did not include FAY DA HOLDING CORP. or FAY DA HOLDING GEN 2 CORP. CHI WAI CORP. operated within a grocery store, and not as a standalone bakery with a location." ECF No. 54-1. This response does not necessarily mean, as Plaintiffs argue, that "some" is inclusive of all other bakeries aside from the listed entities; to the contrary, it stands for nothing more than the proposition that the specified locations did not use a meal credit but some other locations—without specifying which—did.

In sum, after a careful of the record, the Court concludes Magistrate Judge Tiscione correctly found the evidence does not identify which bakeries applied a meal deduction policy and so properly limited certification on this issue to the locations of which Plaintiffs had personal knowledge. The Court therefore ADOPTS those sections of the R&R concerning conditional certification.

### B. Notice of Pendency and Consent to Join

Magistrate Judge Tiscione also recommended (1) the collective action not be limited "to employees who earned the minimum wage per hour," but rather "be composed of all non-exempt, non-managerial employees"; (2) a three-year notice period should apply as opposed to the two-year period Defendants advocated for; (3) a 60-day opt-in period should apply as opposed to the 90-day period Plaintiffs advocated for; (4) Defendants produce, within 14 days and in Excel or some other "standard electronic format," names, mailing addresses, email addresses, telephone numbers, work locations, and dates of employment of all potential collective action members as opposed to the more limited disclosure, advocated for by Defendants, of only those members' names and last known addresses; (5) the Notice of Pendency be posted at the three relevant bakery locations in addition to mailing it as opposed to

4

distributing them by mail only, as Defendants advocated for; (6) opt-in plaintiffs file their consent forms directly with the Clerk of the Court as opposed to with Plaintiffs' current counsel of record; and (7) Plaintiffs be required to strike language in the Notice of Pendency that plaintiffs "may be owed payment if [they] worked" but be allowed to include words to the effect that "potential plaintiffs may be owed payment even if they were paid in cash and regardless of their immigration status" in bold typeface. R&R at 24–31. Magistrate Judge Tiscione further made recommendations as to the specific language of the Notice of Pendency. *Id.* at 31–35.

Defendants, of course, did not submit any objections. Plaintiffs challenged only the recommendation that "opt-in plaintiffs be required to file their signed Consent forms with the Clerk of the Court rather than sending the forms to Plaintiffs' counsel." Objections at 7. Notably, although Plaintiffs argued this recommendation is impractical and not "in the spirit of judicial economy," they admit they "have no specific problem with" it. *Id.* And as the Magistrate Judge highlights, "[m]any courts in this District have concluded that requiring signed consent forms to be sent to plaintiffs' counsel 'implicitly discourages opt-in plaintiffs from selecting other counsel.'" R&R at 30 (quoting *Feng v. Soy Sauce LLC*, 15-CV-308, 2016 WL 1070813, at *6 (E.D.N.Y. Mar. 14, 2016) (Bloom, J.)). This is an exceedingly valid concern and, in light of the case law, the Court agrees. As there are no further objections, after a thorough review of the record, the Court ADOPTS these sections of the R&R.

## CONCLUSION

For the reasons stated above, the R&R, ECF No. 57, is ADOPTED in its entirety.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 31, 2017
      Brooklyn, New York