# LIPMAN & PLESUR, LLP

PRACTICE IN THE AREA OF EMPLOYMENT AND LABOR LAW

THE JERICHO ATRIUM • 500 N. BROADWAY • SUITE 105 • JERICHO, NY 11753-2131 • 516-931-0050
SEVEN PENN PLAZA • 370 SEVENTH AVENUE • SUITE 720 • NEW YORK, NY 10001-0015 • 212-661-0085
FACSIMILE: 516-931-0030
robins@lipmanplesur.com

**VIA ECF**

Hon. Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201                                                                June 6, 2018

      **Re:**    **Jin Fang Luo et al. v. Panarium Kissena Inc. d/b/a Fay Da Bakery et al.**
            **15-cv-03642 (WFK) (SLT)**

Dear Magistrate Judge Tiscione:

    We represent Defendants in the above-matter. We write to request that this Court issue costs and sanctions, including a recommendation for dismissal for failure to prosecute due to Plaintiffs' failure to provide discovery responses pursuant to this Court's Order dated May 4, 2018 granting Defendants' Motion to Compel and further stating that:

> Plaintiffs are ordered to produce all outstanding discovery responses by May 28, 2018. Failure to comply with this Order will result in sanctions, up to and including a possible recommendation that the case be dismissed for failure to prosecute. [DKT 112.]

    Defendants' counsel has made good faith efforts pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1) to resolve these matters via e-mailing a prior draft copy of this letter outlining the continuing discovery response deficiencies to Plaintiffs' counsel. Plaintiffs' counsel responded on June 5, 2018 and failed to address or contest the issues remaining in this letter.

    Plaintiffs were Ordered to provide all outstanding discovery responses by May 28, 2018 or sanctions would result. Several Plaintiffs have failed to provide any responses, and other Plaintiffs only provided some additional responses, but they are incomplete and otherwise lacking as outlined below. The deficient responses fall into several categories:

**No Discovery Responses at All**

    The following Plaintiffs have provided no responses at all to the discovery requests or pursuant to Court Order. Plaintiffs' counsel has previously admitted to failing to provide responses

Hon. Steven L. Tiscione
United States Magistrate Judge
June 6, 2018
Page 2

and difficulties "wrangling…less than responsive clients" [DKT 110].  Defendants request that this Court recommend dismissal with prejudice for failure to provide discovery responses for these Plaintiffs:

    Zhen Liu Xiao, Zhen Deng Xiao, Qiao Zheng, Shi Lai Lin and Xu Yang Tian.

**No Verification of Interrogatory Responses**

The following Plaintiffs have also failed to provide any discovery responses other than incomplete and non-verified interrogatory responses[1] and so a recommendation for dismissal is also appropriate.  *Brill v. Queens Lumber Co.*, No. 10 CV 1975 DLI, 2012 WL 441287, at *5 (E.D.N.Y. Feb. 10, 2012):

    Yanlin Weng and Shushu Su.

**Improper Communications Admissions**

Many of Plaintiffs' Responses to Interrogatory Number 13 state that Plaintiffs were contacted by telephone by the Troy Law firm during the opt-in period and before Plaintiffs had decided to opt-in to the case.  We believe this is an admission that Plaintiffs were subjected to improper communications from the Troy Law firm in violation of the Court's Orders that the Opt In Notices be the method of communication to putative plaintiffs.  The following Plaintiffs have referenced such inappropriate communication via telephone by the Troy Law firm but failed to identify the caller.  Defendants ask for complete responses to this Interrogatory and request a hearing:

    Jing Cheng, Lijie Zheng, Qian Hong, Weijie Wen, Fei Yan Lin, Na Na Zhuo, Ji Zhou, Yanlin Weng, Jia Yin Huang and Sha Lin.

**Inappropriate Use of Fay Da Logo on Opt In Communications to Putative Plaintiffs**

Plaintiffs have identified receiving Opt In Notices and envelopes but have failed to produce any of these documents.  Defendants have evidence that the Troy Law firm improperly placed the Fay Da copyrighted logo on the envelopes used to mail the Opt In Notices to putative plaintiffs without any authorization or approval from Defendants or the Court.  Plaintiffs have failed to produce these documents by May 28, 2018 and also failed to produce these responses in subsequent response to Defendants' letter.

---

[1] Plaintiffs' counsel recently admitted that neither of these two individuals have signed the verifications or recently been in touch with Plaintiffs' counsel other than an apparently failed attempt by the Troy Firm via WeChat.  Further, it seems wholly improper for Plaintiffs' counsel to have provided Interrogatory Reponses for these two individuals given that Plaintiff's counsel now admits that neither one of them has been in touch recently and never verified the responses.

Hon. Steven L. Tiscione
United States Magistrate Judge
June 6, 2018
Page 3

      Defendants respectfully request that this Court: 1) recommend dismissal with prejudice for Plaintiffs' failure to provide discovery responses; and 2) order sanctions of expenses and attorneys' fees to Defendants for the Motion to Compel that was granted. (FRCP 37(a)(5)). Further, in light of the above, we would like the Court to re-address what the consequences should be for the Troy Law firm's failure to follow the collective action notice procedures that were painstakingly negotiated with the assistance of this Court, and misleading putative Opt Ins by sending notices in an envelope that has our client's logo and then following up with phone calls where further misleading information was provided, as specified in our letter dated October 2, 2017. [DKT 78.] Thank you.

                                                    Respectfully,

                                                    /s/

                                                 David A. Robins

DAR/jmp

cc:    Robert D. Lipman, Esq.
        John Troy, Esq.
        Christopher E. Chang, Esq.