# LIPMAN & PLESUR, LLP

PRACTICE IN THE AREA OF EMPLOYMENT AND LABOR LAW

THE JERICHO ATRIUM • 500 N. BROADWAY • SUITE 105 • JERICHO, NY 11753-2131 • 516-931-0050
SEVEN PENN PLAZA • 370 SEVENTH AVENUE • SUITE 720 • NEW YORK, NY 10001-0015 • 212-661-0085
FACSIMILE: 516-931-0030
robins@lipmanplesur.com

**VIA ECF**

Hon. Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201                                                        August 28, 2018

> **Re:    Jin Fang Luo et al. v. Panarium Kissena Inc. d/b/a Fay Da
> Bakery et al.
> 15-cv-03642 (WFK) (SLT)**

Dear Judge Tiscione:

We represent Defendants in the above-matter.  We write pursuant to this Court's Order dated August 6, 2018 to provide this Court with briefing as to whether the claims of the following Plaintiffs, Zhen Liu Xiao, Zhen Deng Xiao, Qiao Zheng, Shi Lai Lin, Xu Yang Tian and Yanlin Weng ("Delinquent Plaintiffs") should be dismissed with prejudice.  [DKT 117].  As outlined below, dismissal with prejudice is fully supported by the Federal Rules of Civil Procedure ("FRCP"), case law and the facts of this case.

**Background**

On August 6, 2018 [DKT 117] this Court ruled, *inter alia*, that:

> Due to their absence from the case and complete lack of any discovery responses or even attempts to contact counsel, the Court will recommend that the claims of Plaintiffs Zhen Liu Xiao, Zhen Deng Xiao, Qiao Zheng, Shi Lai Lin and Xu Yang Tian be dismissed for failure to prosecute.  Plaintiff Yanlin Weng has also refused to produce verified discovery responses and has not contacted counsel since May.  Accordingly, the Court will recommend dismissal of Plaintiff Weng's claims for failure to prosecute as well.

Plaintiffs brought this Action as a putative collective and class action related to alleged wage and hour violations.  Defendants have vigorously opposed the allegations as well as the conditional certification of this matter.  After the opt-in period ended, this Court ordered the parties to proceed with discovery.  Defendants served their First Set of Interrogatories and First Request for the Production of Documents on all Plaintiffs on January 23, 2018.  Discovery responses were due within 30 days of service thereof.  The Delinquent Plaintiffs failed to respond to any of these discovery requests.

Hon. Steven L. Tiscione
United States Magistrate Judge
August 28, 2018
Page 2

Subsequently, Defendants made a motion to compel [DKT 109] and this Court Ordered Plaintiffs to produce all outstanding discovery responses by May 28, 2018 and further ruled that "[f]ailure to comply with this Order will result in sanctions, up to and including a possible recommendation that the case be dismissed for failure to prosecute." [DKT 112]. Defendants then made a motion for sanctions for failure to participate in discovery. [DKT 113]. Finally, on August 6, 2018 a hearing was held and this Court issued the recommendation for dismissal. [DKT 117].

**Dismissal with Prejudice is Supported by the FRCP and Case Law**

A dismissal for failure to prosecute is committed to the court's sound discretion. *Kaur v. Royal Arcadia Palace, Inc.*, No. 05 CV 4725NGGJO, 2007 WL 4276837, at *2 (E.D.N.Y. Nov. 30, 2007) (recommending dismissal with prejudice); *Jenkins v. City of New York*, 176 F.R.D. 127, 128-29 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir.1995)). Courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabach R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Unless otherwise specified, a dismissal for failure to prosecute under Rule 41(b) is with prejudice. Fed.R.Civ.P. 41(b). Failure to prosecute may involve: a plaintiff's "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Barahman v. Sullivan*, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

Courts in this Circuit will typically weigh five factors in deciding on dismissal with prejudice: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

All these factors weigh in favor of dismissal with prejudice in the instant action and so the Delinquent Plaintiffs' claims should be dismissed with prejudice. First, the Delinquent Plaintiffs have failed to respond to discovery requests issued over 7 months ago or this Court's repeated orders compelling discovery upon threat of dismissal. Second, the Delinquent Plaintiffs were made aware of their discovery obligations, the discovery requests and this Court's previous orders. Plaintiffs' counsel has outlined its own failed attempts at communicating with the Delinquent Plaintiffs and making them aware that responding to discovery was necessary or their claims could be dismissed. [DKT 115]. Third, prejudice to the Defendants is clear. This case has been going on since 2015. Defendants have spent a great deal of time and effort in litigating whether notice to putative plaintiffs should be sent, what that notice should say, analyzing the claims of the opt in plaintiffs, seeking discovery of the opt in plaintiffs and defending this matter. Discovery is set to close soon. Defendants should not be put in the position of having to possibly defend against these claims again by the Delinquent Plaintiffs either in this case or in another case. Fourth, the Court's interest in managing its docket favors dismissal with prejudice as well. This case has been rife

Hon. Steven L. Tiscione
United States Magistrate Judge
August 28, 2018
Page 3

with allegations of improper communications by Plaintiffs' counsel to putative class members. Further, Plaintiffs' counsel has filed a duplicative lawsuit, the Zheng Case [18-cv-00253 (WKF) (ST)] involving plaintiffs already in the instant case.  The Zheng Case was already recognized as likely duplicative by this Court [Zheng Case DKT 44] and is the subject of a motion to dismiss currently pending.  [Zheng Case DKT 57].  It would be unfair to this Court's docket to allow dismissal without prejudice so that Delinquent Plaintiffs could be allowed to potentially "hop on and off" the litigation bus at a whim.  Fifth, this Court certainly has adequately considered a sanction less drastic than dismissal.  This Court gave the Delinquent Plaintiffs repeated chances and warnings that were ignored.

Finally, case law supports dismissal with prejudice as well as courts in this district have repeatedly found dismissal with prejudice appropriate under similar circumstances.  *Valenti v. United States*, No. 07 Civ. 879, 2008 WL 2264535, at *2 (E.D.N.Y. Apr. 21, 2008) (dismissal with prejudice where "[Plaintiff] has taken no steps to vindicate her rights in this case for more than a year ...."); *Deptola v. Doe*, No. 04 Civ. 1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005) (dismissal with prejudice where "[T]he defendants have been unable to contact [the plaintiff] for over four months."); *Bhalla v. JP Morgan Chase & Co.*, No. 03 Civ. 6051, 2005 WL 1027523, at *2 (E.D.N.Y. Apr. 26, 2005) (dismissal with prejudice where "[Plaintiff's counsel] has been unable to communicate with [the plaintiff] for approximately eight months....") and explaining that "dismissal without prejudice would allow [Plaintiff] to resume the case at her convenience and would unfairly place upon [Defendant] the burden of delaying discovery and assuming the risks associated with fading memories and lost evidence, as well as the burden of maintaining evidence against the possibility of future litigation");  *Passe v. City of New York*, No. 02 Civ. 6494, 2009 WL 290464, at *15 (E.D.N.Y. Jan. 5, 2009) (dismissing action with prejudice for failure to prosecute where plaintiff had repeatedly missed conferences and employed "tactics" to delay completion of her deposition); *Wallace v. Cty. of Suffolk*, No. CV08-4902(JS) (WDW), 2010 WL 2301280, at *1 (E.D.N.Y. Apr. 14, 2010), report and recommendation adopted *sub nom. Wallace v. Suffolk Co.*, No. CV 08-4902 (JS), 2010 WL 2674583 (E.D.N.Y. June 28, 2010) (recommending dismissal with prejudice where plaintiff failed to comply with court discovery order that warned of dismissal and plaintiff failed to respond to the court or request an extension).

Defendants respectfully submit that dismissal with prejudice for the Delinquent Plaintiffs is appropriate and fully supported.

Respectfully,

/s/

David A. Robins

DAR/jmp

cc:    John Troy, Esq.
       Christopher E. Chang, Esq.