UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JIN FANG LUO, et al.,

                           Plaintiffs,

   -against-

PANARIUM KISSENA INC. d/b/a/ FAY DA
BAKERY, et al.,

                           Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

**15-CV-3642 (WFK) (ST)**

**TISCIONE, United States Magistrate Judge**:

       Plaintiffs move the Court to reconsider its order that Plaintiffs pay the costs incurred by Defendants in preparing their Motion for Sanctions against Plaintiffs. *See* Plaintiffs' Letter Motion for Reconsideration, ECF No. 119; *see also* Defendants' Motion for Sanctions, ECF No. 113; Minute Order Granting in Part Defendants' Motion for Sanctions ("Order"), ECF No. 117; Defendants' Opposition to Motion for Reconsideration, ECF No. 120.

       The Court will not modify its order. Although not specified in their motion, Plaintiffs presumably move the Court for reconsideration pursuant to Local Civil Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 351 (E.D.N.Y. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted)." In the context of a motion for reconsideration,

'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Corpac*, 10 F. Supp. 3d at 354. A motion for reconsideration is not to be used as a vehicle to relitigate issues. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012).

Plaintiffs present no new evidence or argument to the Court in their Motion for Reconsideration, nor do they cite any law whatsoever. Their previously presented arguments remain meritless. Plaintiffs argue that Plaintiffs' counsel should not be held liable for the Defendants' fees and costs in preparing the Motion for Sanctions because Plaintiffs' counsel made good faith efforts to contact the Plaintiffs who provided no or incomplete discovery responses. *See* Motion for Reconsideration, ECF No. 119 at 1. The Court is not sanctioning Plaintiffs' counsel, but Plaintiffs themselves for their prolonged failure to participate in discovery after opting in to the lawsuit.[1] *See* Order, ECF No. 117. The Court explicitly advised that Plaintiffs' continued failure to produce discovery responses by May 28, 2018 "will result in sanctions." Minute Order, ECF No. 112. Several Plaintiffs failed to do so, and Defendants incurred expenses in preparing a motion for sanctions as a result. It is beyond cavil that monetary sanctions are permissible against parties who fail to participate in discovery. *See, e.g.*, *Spirit Realty, L.P. v. GH&H Mableton, LLC*, 319 F.R.D. 474, 475 (S.D.N.Y. 2017).

Plaintiffs have patently failed to meet the strict showing required for reconsideration. Their motion is denied.[2]

---

[1] The Court did order, "Following depositions of the Plaintiffs, Defendants may renew their request for additional sanctions due to allegedly improper communications and violations of the Court's rulings on the opt-in notice." ECF No. 117. The Court may order Plaintiffs' counsel to make any payments arising from such sanctions if Defendants establish that it is so warranted.

[2] To the extent that Plaintiffs also request the Court to reconsider its order that the claims of certain, entirely unresponsive Plaintiffs be dismissed, Plaintiffs have submitted no new evidence or argument to this point, and this request is also denied.

Defendants are ordered to submit, by February 11, 2018, a letter notifying the Court of the attorneys' fees and costs they incurred in preparing the Motion for Sanctions (ECF No. 113). The letter shall include, as an attachment, "contemporaneous time records … specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (alterations in original) (citation and internal quotation marks omitted).

**SO ORDERED.**

                                                          /s/
                                          Steven L. Tiscione
                                          United States Magistrate Judge
                                          Eastern District of New York

Dated: Brooklyn, New York
       January 10, 2019