UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
JING FANG LUO, and SHUANG QIU HUANG,
individually and on behalf of others similarly situated,

                                    Plaintiffs,                      15-cv-03642 (WFK) (SLT)

           -against-

PANARIUM KISSENA INC. d/b/a Fay Da Bakery; PANARIUM
 INC. d/b/a Fay Da Bakery; BOULANGERIE DE FAY DA INC.
d/b/a Fay Da Bakery; Patisserie de fay da, LLC d/b/a Fay Da
Bakery; LE PETIT PAIN INC. d/b/a Fay Da Bakery; BRAVURA
SKY VIEW CORP. d/b/a Fay Da Bakery; LA PAN MIETTE INC.
d/b/a Fay Da Bakery; FAY DA (QUEENS) CORP. d/b/a Fay Da
Bakery; FAY DA MOTT ST., INC. d/b/a Fay Da Bakery; FEI
DAR, INC. d/b/a Fay Da Bakery; LE PAIN SUR LE MONDE
INC. d/b/a Fay Da Bakery; BRAVURA LLC d/b/a Fay Da Bakery;
CHI WAI CORP. d/b/a Fay Da Bakery; PHADARIAN CORP.
d/b/a Fay Da Bakery; FAY DA MAIN STREET CORP. d/b/a
Fay Da Bakery; TORTA DI FAY DA d/b/a Fay Da Bakery;
BRAVURA PATISSERIE d/b/a Fay Da Bakery; NICPAT
CAFÉ INC. d/b/a Fay Da Bakery; FAY DA MANUFACTURING
CORP.; FAY DA HOLDING CORP. d/b/a Fay Da Bakery; FAY
DA HOLDING GEN 2 CORP. d/b/a Fay Da Bakery; HAN
CHIEH CHOU and KELLEN CHOW,

                                    Defendants.
--------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

                                  LIPMAN & PLESUR, LLP
                                  David A. Robins, Esq.
                                  Robert D. Lipman, Esq.
                                  500 North Broadway, Suite 105
                                  Jericho, New York 11753

                                  LAW OFFICES OF CHRISTOPHER E. CHANG
                                  Christopher E. Chang
                                  140 Broadway, 46th Floor
                                  New York, New York 10005
                                  *Attorneys for Defendants*

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  STATEMENT OF FACTS ..................................................................................... 2

    A.   Plaintiffs Worked at 4 Defendant Retail Locations ................................................. 2

    B.   Defendants are Retail Locations, A Manufacturing Entity,
        Holding Companies and Individuals ....................................................................... 3

    C.   Non-Employer Defendants Did Not Employ Any of the Plaintiffs .......................... 4

    D.   Plaintiffs Were Paid by the Hour, For All Time Worked and/or
        Received Wage Notices and Wage Statements ....................................................... 6

    E.   Uniforms Were Wash and Wear and Free Laundering was Provided ...................... 7

    F.   No Licensing or Training Required or Uncompensated ........................................... 7

    G.   Meal Credits ........................................................................................................... 7

III.  ARGUMENT ....................................................................................................... 8

    A.   STANDARD ON MOTION FOR SUMMARY JUDGMENT .............................. 8

    B.   Defendants Seek Summary Judgment As The Undisputed Facts
        and Law Show It Is Appropriate ........................................................................... 8

        i.   Plaintiffs Only Worked At 4 Locations and So Dismissal Against
           The Non-Employer Defendants Is Appropriate ................................................. 8

        ii.  There is no Individual Liability for Defendants Kellen Chow and
           Han Chieh Chou, Dismissal is Appropriate ...................................................... 13

        iii. Plaintiffs Were Given Wage Notices, Wage Statements/Pay Stubs
           and/or Were Otherwise Paid For All Hours Worked Dismissal of Counts
           VIII, Count VII (mis-numbered) and Count IX Is Appropriate ...................... 14

        iv.  Plaintiffs' Uniform Claims (Count VII) Should Be Dismissed
           as a Laundry Service Was Provided Free of Charge and the
           Uniforms Were Wash and Wear .................................................................... 18

        v.   There Was No Licensing or Training Required or Uncompensated
           (Counts II and V) Should be Dismissed ........................................................ 21

        vi.  Plaintiffs Did Not Work in Connecticut or New Jersey and
           So Dismissal of Counts X to XV are appropriate .......................................... 22

i

vii.  Plaintiffs' Uniform Claims (Count VI and VII) Should Be
Dismissed as a Laundry Service Was Provided Free of
Charge and the Uniforms Were Wash and Wear ......................................... 22

IV.  CONCLUSION .................................................................................................... 25

## TABLE OF AUTHORITIES

Cases

2013 WL 1212790 (E.D.N.Y. Mar. 25, 2013) ................................................................ 12

*Advantage Title Agency, Inc. v. Karl*,
   363 F. Supp. 2d 462 (E.D.N.Y. 2005) .................................................................... 8

*Archie v. Grand Cent.  P'ship, Inc.*,
   86 F. Supp. 2d 262 (S.D.N.Y. 2000) .................................................................... 23

*Bamonte v. City of Mesa*,
   598 F.3d 1217 (9th Cir. 2010) .............................................................................. 20

*Bowrin v. Catholic Guardian Soc'y*,
   417 F.Supp.2d 449 (S.D.N.Y.2006) ..................................................................... 12

*Camara v. Kenner*,
   No. 16-CV-7078 (JGK), 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018) ........................ 9, 10, 11

*Camion v. Douglas Elliman, LLC*,
   No. 06 Civ. 7092(NRB), 2007 WL 4358456 n. 3 (S .D.N.Y. Dec. 10, 2007) ........................ 12

*Carter v. Dutchess Cmty. Coll.*,
   735 F.2d 8 (2d Cir. 1984) ..................................................................................... 9, 10, 13

*Celotex Corp.  v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................. 8

*Copper v. Cavalry Staffing, LLC*,
   132 F. Supp. 3d 460 (E.D.N.Y. 2015) .................................................................. 17

*Cucu v. 861 Rest. Inc.*,
   No. 14-CV-1235 (JGK), 2017 WL 2389694 (S.D.N.Y. June 1, 2017) ................... 20

*Danneskjold v. Hausrath*,
   82 F.3d 37 (2d Cir. 1996) ..................................................................................... 10

*Davis Brothers, Inc. v. Donovan*,
   700 F.2d 1368 (11th Cir. 1983) ............................................................................ 23

*DeKeyser v. Thyssenkrupp Waupaca, Inc.*,
   747 F. Supp. 2d 1043 (E.D. Wis. 2010) ............................................................... 20

*Donovan v. Miller Properties, Inc.*,
   711 F.2d 49 (5th Cir. 1983) .................................................................................. 23

*Godlewska v. HDA*,
   916 F. Supp. 2d 246 (E.D.N.Y. 2013) .................................................................. 10

*Gomez v. MLB Enterprises, Corp.*,
   No. 15-CV-3326(CM), 2018 WL 3019102 (S.D.N.Y. June 5, 2018) ..................... 20

*Goodman v. Port Auth. of N.Y. & N.J.*,
   850 F.Supp.2d 363 (S.D.N.Y. 2012) .................................................................... 22

*Gorey v. Manheim Servs. Corp.*,
   788 F. Supp. 2d 200 (S.D.N.Y. 2011.) .................................................................. 11

*Graham v. Lewinski*,
   848 F.2d 342 (2d Cir. 1988) ................................................................................. 8

*Gregory v. Stewart's Shops Corp.*, 7:14-CV-33 (TJM/ATB),
   2016 WL 8290648 (July 8, 2016, N.D.N.Y.) ....................................................... 19

*Guan Ming Lin*,
   275 F.R.D. ............................................................................................................. 16

*Hart v. Rick's Cabaret Int'l, Inc.*,
  967 F. Supp. 2d 901 (S.D.N.Y. 2013) ......................................................... 9, 11, 12
*Herman v. Blockbuster Entm't Grp.*,
  18 F.Supp.2d 304 (S.D.N.Y.1998) ........................................................................ 12
*Herman v. Collis Foods, Inc.*,
  176 F.3d 912 (6th Cir. 1999) .................................................................... 22, 23, 24
*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999)............................................................................... 9, 10
*Irizarry v. Catsimatidis*,
  722 F.3d 99 (2d Cir. 2013)........................................................................... 9, 13, 14
*Jean–Louis v. Metro. Cable Commc'ns, Inc.*,
  838 F.Supp.2d 111 (S.D.N.Y. 2011).................................................................... 10
*Lopez v. Acme Am. Envtl. Co.*,
  No. 12 Civ. 511 (WHP), 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ............. 12
*Montellano-Espana v. Cooking Light Inc.*,
  No. 14CV01433SJRLM, 2016 WL 4147143 (E.D.N.Y. Aug. 4, 2016)............ 20, 21
*Morangelli v. Chemed Corp.*,
  922 F.Supp.2d 278 (E.D.N.Y.2013) ................................................................... 12
*Olvera v. Bareburger Grp. LLC*,
  73 F. Supp. 3d 201 (S.D.N.Y. 2014).................................................................... 11
*Overton v. Sanofi-Aventis U.S., LLC*, No. CIV.A. 13-5535 PGS,
  2014 WL 5410653 (D.N.J. Oct. 23, 2014)........................................................... 22
*Redick v. E. Mortg. Mgmt., LLC*,
  No. 11–1260, 2013 U.S. Dist. LEXIS 36002, at *12, 2013 WL 1089710 (D.Del. Mar. 15,
  2013) ..................................................................................................................... 22
*Sethi v. Narod*,
  974 F. Supp. 2d 162 (E.D.N.Y. 2013) ................................................................... 9
*Spiteri v. Russo*,
  No. 12–CV–2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ......................... 14
*Tracy v. NVR, Inc.*, 04-CV-6541L,
  2009 WL 3153150 (W.D.N.Y. 2009) ................................................................... 13
*U.S. v. Peterson*,
  394 F.3d 98 (2d Cir. 2005).................................................................................... 19
*Velu v. Velocity Express, Inc.*,
  666 F. Supp. 2d 300 (E.D.N.Y. 2009) ................................................................. 11
*Zheng v. Liberty Apparel Co.*,
  355 F.3d 61 (2d Cir. 2003).................................................................................. 9, 10

Statutes

29 U.S.C. § 203(r)(1) .................................................................................................. 12
29 U.S.C. § 216(b) ........................................................................................................ 9
29 U.S.C.] §203(m)..................................................................................................... 24
N.Y. Lab. Law ' 195 (McKinney)............................................................................... 16
New York Labor Law section 198 (1-b)...................................................................... 15

iv

Rules

Fed. R. Civ. P. 56(c) ................................................................................................. 8
Fed. R. Civ. Proc. 56 ............................................................................................ 1, 25

Regulations

12 N.Y.C.R.R. § 146-2.3 .................................................................................... 16, 17
12 N.Y.C.R.R. § 146-3.7 .......................................................................................... 23
12 N.Y.C.R.R. § 149-1.9 .......................................................................................... 24
29 C.F.R. § 4.168(b) ................................................................................................ 20
29 C.F.R. § 516.27(a) ............................................................................................... 24
29 C.F.R. § 531.31 ............................................................................................ 22, 23
29 CFR § 531.30 ..................................................................................................... 23
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7(c) .................................. 18, 19, 21
NYCRR at Section 146 ............................................................................................ 21
§ 146-1.7(b)(4) ........................................................................................................ 20

Defendants, by their undersigned counsel, submit this Memorandum of Law in support of their instant motion for an order, pursuant to Fed. R. Civ. Proc. 56, granting Defendants summary judgment as Plaintiffs: a) did not work for the majority of the Defendants alleged in the Complaint; b) received wage statements and wage notices and/or otherwise were paid for all time worked; c) were not required to obtain a license and/or training or were paid for such time; d) were provided a laundry service free of charge and/or were given wash and wear uniforms; e) were permitted meals pursuant to law; and (f) granting Defendants such other relief as this Court deems just and proper.

## I.     **PRELIMINARY STATEMENT**

This brief is submitted in support of Defendants' Motion for Summary Judgment dismissing all claims pursuant to Rule 56.  This Action was filed as a putative collective and class action against 21 corporate Defendants and 2 individual Defendants.  Plaintiffs then filed an Amended Complaint ("Amended Complaint") on September 2, 2015.  Early on, the Magistrate ordered Limited Discovery be exchanged in order to get a sense of the nature of this Action.  (DE 53) ("DE" as used herein refers to the ECF Docket Number for this matter).  Defendants responded to the Limited Discovery requests with responses and documentation that showed lawful uniform and meal credit policies.  Thereafter, Plaintiffs' motion for conditional certification for all 21 Defendant locations was denied in large part and the Notice was limited to the 3 Defendant locations where the Plaintiffs worked.  (DE 57, 60.)  A total of 20 individuals opted in to the Action ("Opt In Plaintiffs" and collectively with Named Plaintiffs referred to as "Plaintiffs") amid allegations of improper communications and solicitation through Plaintiffs' counsel.  (DE 78, 80.)  Plaintiffs have twice been sanctioned by the Magistrate for failure to follow Court Orders and for a Motion to Compel discovery.  (DE 117 and 138.)  Of the 20 Opt In Plaintiffs, 14 have been dismissed with prejudice from this Action for failure to participate in discovery and defying Court

Orders.  (DE 131 and 145.)

Ultimately, this Action now consists of 8 Plaintiffs who worked at 4 Defendant locations alleging uniform and meal credit violations where such policies have already been established as lawful in discovery.  Entering the 4th year of this Action and after the close of discovery, Defendants requested permission to file a summary judgment motion.  (DE 141.)  Plaintiffs requested permission to file a class certification motion.  (DE 143.)  Defendants opposed Plaintiffs' request to file a class certification motion as unwarranted and untimely, noting the Magistrate's comments at the May 13, 2019 conference expressing his belief that such a motion would seem to be untimely if made before him.  (DE 140.)  This Court granted Defendants' request and denied Plaintiffs' request.  (DE 144.)  Defendants now move for summary judgment dismissing all claims.

## II.   STATEMENT OF FACTS

### A.  Plaintiffs Worked at 4 Defendant Retail Locations

The 8 Plaintiffs are former cashiers for 4 Defendant retail locations.  (Ex. A, Luo Tr. 10-11; Ex. B, Huang Tr. 11; Ex. C, Zheng Tr. 10-11; Ex. D, Su Tr. 11-12; Ex. E, Wang Tr. 10; Ex. F, Cheng Tr. 10; Ex. G, Zhou Tr. 12-13; Ex. H, Liao Tr. 9.) (All Exhibits are attached to the Robins Declaration dated June 7, 2019.  Reference to Defendants' Civil Rule 56.1 Statement of Undisputed Facts cited as ("Defs' Rule 56.1")).  Plaintiff Jing Fang Luo was employed at Panarium Inc. from December, 2011 to July 7, 2012 and at Panarium Kissena Inc. from August, 2012 to April, 2013.  (Defs' Rule 56.1 ¶ 2, Ex. A, Luo Tr. 7, Exs. M, Q, Y, CC and DD.)  Plaintiff Shuang Qiu Huang was employed at Panarium Inc. from April 2012 to May 2013.  (Defs' Rule 56.1 ¶ 3, Ex. B, Huang Tr. 11, Exs. N, R, Z, CC and DD.)  Plaintiff Bing Zhen Zheng was employed at Boulangerie De Fay Da Inc. from November 2011to April  2015 (Defs' Rule 56.1 ¶ 4, Ex. C, Zheng Tr. 10; Exs. O, S, CC and DD.)  Plaintiff Shu Shu Su was employed at Panarium Kissena Inc. from August 2012 to November 2012 (Defs' Rule 56.1 ¶ 5, Ex. D, Su Tr. 11; 19-25; Exs. T,

CC and DD.)  Plaintiff Si Feng Wang was employed at Boulangerie De Fay Da Inc. from June 2012 to April 29, 2013  (Defs' Rule 56.1 ¶ 6, Ex. E, Wang Tr. 10; Exs. U, CC and DD.)  Plaintiff Jing Cheng was employed at Panarium Kissena Inc. from September 2012 to December 2012(Defs' Rule 56.1 ¶ 7, Ex. F, Cheng Tr. 8; Exs. V, CC and DD.)  Plaintiff Na Na Zhou was employed at Panarium Inc. from December 2012  to May  2013(Defs' Rule 56.1 ¶ 8, Ex. G, Zhou Tr. 12; Exs. P, W, CC and DD.)  Plaintiff Qian Hong Liao was employed at Le Petit Pain Inc. from December 2014 to December 2015 (Defs' Rule 56.1 ¶ 9, Ex. H, Liao Tr. 7-8; Exs. X, CC and DD.)  Plaintiffs did not work for any Defendants in either New Jersey or Connecticut.  (Defs' Rule 56.1 ¶ 10; Ex. A, Luo Tr. 31; Ex. B, Huang Tr. 32-33; Ex. C, Zheng Tr. 29; Ex. D, Su Tr. 44; Ex. E, Wang Tr. 30-31; Ex. F; Cheng Tr. 30; Ex. G, Zhou Tr. 48; Ex. H, Liao Tr. 23; Exs. M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, CC and DD.)

### B.   Defendants are Retail Locations, A Manufacturing Entity, Holding Companies and Individuals

Defendants consist of 21 corporate entities and 2 individuals. (Amended Complaint)  The entities where Plaintiffs worked were retail locations that sold food and drinks to customers. (Amended Complaint.)  Defendant Fay Da Manufacturing Corp. is a manufacturing plant that produces raw product that is sold to retail stores, including the Defendant retail locations where Plaintiffs worked.  (Defs' Rule 56.1 ¶¶ 11, 12 and 13; Ex. K, Chou Tr. 18.)  Defendant Fay Da Holding Corp. is not a retail location.  (Defs' Rule 56.1 ¶ 14; Ex. K, Chou Tr. 18-19.)  Defendant Fay Da Holding Gen 2 Corp. is not a retail location.  (Defs' Rule 56.1 ¶ 15; Ex. K, Chou Tr. 18-19.)  Defendant Kellen Chow is an individual named in this Action.  (Defs' Rule 56.1 ¶ 16.) (Amended Complaint.)  Defendant Han Chieh Chou is an individual named in this Action.  (Defs' Rule 56.1 ¶17.) (Amended Complaint.)

**C.     Non-Employer Defendants Did Not Employ Any of the Plaintiffs**

The Defendant locations where Plaintiffs did not work (hereafter referred to as "Non-Employer Defendants") did not have the power to hire or fire Plaintiffs, did not supervise or control Plaintiffs' work schedules or conditions of employment, did not determine the rate and method of payment for any Plaintiff and did not maintain employment records for Plaintiffs.  (Defs' Rule 56.1 ¶ 18; Ex. L, Chow Tr. 55-56; Ex. C, Zheng Tr. 21, 22-23; Ex. F, Cheng Tr. 10-11, 12; Ex. A, Luo Tr. 9-10, 12-14; Ex. G, Zhou Tr. 32-33; Ex. D Su Tr. 44; Ex. B Huang Tr. 20-21; Ex. E Wang Tr. 24, 30-31; Ex. K Chou Tr. 30, 65-66 and Errata Sheet.)

Defendant Kellen Chow ("Defendant Chow") is an individual and is not a shareholder at any corporate Defendants.  (Defs' Rule 56.1 ¶ 19; Ex. L, Chow Tr. 28-30.)  Defendant Chow previously worked at Defendant Fay Da Manufacturing Corp and Fay Da Holding Corp.  (Defs' Rule 56.1 ¶ 20; Ex. L, Chow Tr. 10-12.)  Defendant Chow also was previously a shareholder at Defendant Fay Da Holding Corp. and no other Defendants and she was no longer a shareholder upon leaving in 2016.  (Defs' Rule 56.1 ¶ 21; Ex. L, Chow Tr. 28-30.)  Defendant Chow's duties when working at Defendant Fay Da Holding related to quality control of the manufacturing plant at the Defendant Fay Da Manufacturing Corp. location and financial statements pertaining to loans and banking.  (Defs' Rule 56.1 ¶ 22; Ex. L, Chow Tr. 11-12; 19.)  Defendant Chow did not hire or fire Plaintiffs.  (Defs' Rule 56.1 ¶ 23; Ex. L, Chow Tr. 14-15, and Errata Sheet.)  Defendant Chow was not involved in setting the rates of pay for any Plaintiffs or setting any employment policies. (Defs' Rule 56.1 ¶ 24; Ex. L, Chow Tr. 14-19; 43-49.)  Defendant Chow did not supervise Plaintiffs.  (Defs' Rule 56.1 ¶ 25; Ex. L, Chow Tr. 23,)  Defendant Chow did not have any duties related to employees who worked at Defendant retail locations.  (Defs' Rule 56.1 ¶ 26; Ex. L, Chow Tr. 23, 62.)  Defendant Chow did not tell Plaintiffs' supervisors what to do or otherwise direct them.  (Defs' Rule 56.1 ¶ 27; Ex. L, Chow Tr. 22-23 and Errata Sheet.)  Any interactions

with employees were at the manufacturing facility and concerned how to make certain pastries, etc. (Defs' Rule 56.1 ¶ 28; Ex. L, Chow Tr. 11-12; 19.) Defendant Chow's interaction did not relate to wages, compensation etc. (Defs' Rule 56.1 ¶ 29; Ex. L, Chow Tr. 14-19.) Further, none of the Plaintiffs worked at the manufacturing plant where Defendant Chow worked. See *Supra*. (Defs' Rule 56.1 ¶ 30) Significantly, Defendant Chow's only interaction with any employee at a Fay Da retail location was when she went in as a customer to buy coffee. (Defs' Rule 56.1 ¶ 31; Ex. L, Chow Tr. 23.) Defendant Chow did not supervise any Plaintiffs, did not supervise or direct any of Plaintiffs' supervisors or managers. (Defs' Rule 56.1 ¶ 32; Ex. L, Chow Tr. 23.) Plaintiffs did not even know who Defendant Chow was or could identify any reason she was in this lawsuit. (Defs' Rule 56.1 ¶ 33; Ex. B, Huang Tr. 32; Ex. D, Su Tr. 41-42; Ex. E, Wang Tr. 29-30; Ex. G, Zhou Tr. 47-48; Ex. F, Cheng Tr. 8-10; Ex. H, Liao Tr. 23-24.). Further, Defendant Chow testified that she did not know any of the Plaintiffs, did not hire or fire any of the Plaintiffs or the Plaintiffs' supervisors and that her only role in interacting with any workers at Fay Da locations was as a customer. (Defs' Rule 56.1 ¶ 34; Ex. L, Chow Tr. 22-23 and Errata Sheet.). Defendant Chow also had no role in payroll or signing any of Plaintiffs' pay checks. (Defs' Rule 56.1 ¶ 35; Ex. L, Chow Tr. 14-19.)

Similarly, Defendant Han Chieh Chou ("Defendant Chou") did not hire, fire, supervise or set the pay rates for any of the Plaintiffs in this Action. (Defs' Rule 56.1 ¶ 36; Ex. K, Chou Tr. 24-30; 46-47; 49-50; 68-76; 93-94.) Defendant Chou did not have any duties related to employees who worked at Defendant retail locations. (Defs' Rule 56.1 ¶ 37; Ex. K, Chou Tr. 24-30; 46-47; 49-50; 68-76; 93-94.) Plaintiffs had never even heard of Defendant Chou. (Defs' Rule 56.1 ¶ 38; Ex. B, Huang Tr. 32; Ex. D, Su Tr. 41-42; Ex. E, Wang Tr. 29-30; Ex. G, Zhou Tr. 47-48; Ex. F, Cheng Tr. 8-10; Ex. H, Liao Tr. 23-24.)

**D.** **Plaintiffs Were Paid by the Hour, For All Time Worked and/or Received Wage Notices and Wage Statements**

Plaintiffs were paid at an hourly rate of at least the minimum wage rate.  (Defs' Rule 56.1 ¶ 39; (Exs. M, N, O, P, Y, Z, AA, CC and DD.)  Plaintiffs' time worked was recorded by scanner and time clocks.  (Defs' Rule 56.1 ¶ 40; Ex. J, Ma Tr. 01-25-19 59, 76, 111, 114-115; Ex. C, Zheng Tr. 11-12; Ex. F, Cheng Tr. 12; Ex. A, Luo Tr. 12; Ex. H, Liao Tr. 12; Ex. B, Huang Tr. 12; Ex. E, Wang Tr. 12-13; Exs. Q, R, S, T, U, V, W, X, Y, Z, AA, CC and DD.)  Plaintiffs were paid via payroll check for each week worked.  (Defs' Rule 56.1 ¶ 41; Ex. A, Luo Tr. 14; Ex. B, Huang Tr. 13-14; Ex. C, Zheng Tr. 12;  Ex. D, Su Tr. 11, 15-16; Ex. E, Wang Tr. 13; Ex. F, Cheng Tr. 13; Ex. G, Zhou Tr. 18; Exs. Y, Z, AA, CC and DD.)  Plaintiffs also received a wage statement or pay stub with each pay check.  (Defs' Rule 56.1 ¶ 42; Ex. A, Luo Tr. 15; Ex. B, Huang Tr. 27-29, Ex. C, Zheng Tr. 13; Ex. D, Su Tr. 22; 38-40; Ex. E, Wang Tr. 8-9; Ex. F, Cheng Tr. 11-12; Ex. H, Liao Tr, 12; Exs. M, N, O, P, Y, Z, AA, CC and DD.)  Plaintiffs' wage statements included information such as the dates of work covered by that payment of wages; plaintiffs' name; the company name; address and phone number; rate or rates of pay, hourly rates, regular rates and overtime rates of pay, number of regular and overtime hours worked, gross wages, deductions; allowances, meal credits applied and net wages.  (Defs' Rule 56.1 ¶ 43; Ex. M, Luo Wage Statement; Ex. N, Huang Wage Statement; Ex. O, Zheng Wage Statement; Ex. P Zhou Wage Statement; Exs M, N, O, P, X, Y, Z, AA and DD.)  Plaintiffs were compensated for all hours worked.  (Defs' Rule 56.1 ¶ 44; Ex. A, Luo Tr. 14-15; Ex. B, Huang Tr. 13-14; Ex. C, Zheng Tr. 12;  Ex. D, Su Tr. 11, 15-16; Ex. E, Wang Tr. 13; Ex. F, Cheng Tr. 13; Ex. G, Zhou Tr. 18; Exs. P, Q, R, S, T, U, V, W, X, Y, Z, AA and DD.)  Plaintiffs also received a Wage Notice on a New York State Department of Labor form.  (Defs' Rule 56.1 ¶ 45; Ex. M, Luo Wage Notice; Ex. N, Huang Wage Notice; Ex. O, Zheng Wage Notice; Ex. P, Zhou Wage Notice.)

### E.    Uniforms Were Wash and Wear and Free Laundering was Provided

Plaintiffs were provided with uniforms when they began working consisting of shirts, head scarves and aprons.  (Defs' Rule 56.1 ¶ 46; Ex. J, Ma 01-25-19 Tr. 128; Ex. A, Luo Tr. 23-24; Ex. B, Huang Tr. 21-22; Ex. C, Zheng Tr. 23; Ex. D, Su Tr. 34-35; Ex. E, Wang Tr. 24-25; Ex. F, Cheng Tr. 27-28; Ex. G, Zhou Tr. 32-34; Ex. H, Liao Tr. 17-19.)  These uniforms were wash and wear and did not need to be dry cleaned or otherwise specially washed.  (Defs' Rule 56.1 ¶ 47; Ex. A, Luo Tr. 24-25; Ex. B, Huang Tr. 23; Ex. C, Zheng Tr. 23-24; Ex. D, Su Tr. 37; Ex. E, Wang Tr. 25-26; Ex. F, Cheng Tr. 29-30; Ex. G, Zhou Tr. 38; Ex. H, Liao Tr. 21; Exs. P, Q, R, S, T, U, V, W, X, Y, Z, AA, CC and DD.)  Plaintiffs were also offered a free of charge laundering service through Defendants.  (Defs' Rule 56.1 ¶ 48; Ex. K, Chou Tr. 79-80; 83-84;  Ex. J, Ma 01-25-19 Tr. 128, 130; Ex. L, Chow Tr. 58-60.)  Plaintiffs could drop off uniforms at their work place and receive a laundered uniform within a day.  (Defs' Rule 56.1 ¶ 49; Ex. K, Chou Tr. 79-80; 83-84; Ex. J, Ma 01-25-19 Tr. 128, 130; Ex. L, Chow Tr. 58-60.)

### F.    No Licensing or Training Required or Uncompensated

Plaintiffs' jobs did not require any licensing for work.  (Defs' Rule 56.1 ¶ 50; Ex. A, Luo Tr. 15; Ex. B, Huang Tr. 16; Ex. C, Zheng Tr. 18-19; Ex. D, Su Tr. 27-28; Ex. E, Wang Tr. 20-21; Ex. F, Cheng Tr. 21; Ex. G, Zhou Tr. 25; Ex. H Liao Tr. 14-15.)   All time spent training was compensated.  (Defs' Rule 56.1 ¶ 50; Ex. A, Luo Tr. 15; Ex. B, Huang Tr. 16; Ex. C, Zheng Tr. 18-19; Ex. D, Su Tr. 27-28; Ex. E, Wang Tr. 20-21; Ex. F, Cheng Tr. 21; Ex. G, Zhou Tr. 25; Ex. H Liao Tr. 14-15.)

### G.    Meal Credits

Plaintiffs were provided meals at Defendants' locations where they worked.  (Defs' Rule 56.1 ¶ 51; Ex. J, Ma 01-25-19 Tr. 96-99; 101-103; Ex. K, Chou Tr. 62-63; 66, Ex. BB and DD.)

Pursuant to written policy, Plaintiffs were permitted to eat any foods in the location where they worked that was produced by Defendants.  (Defs' Rule 56.1 ¶ 52; Ex. BB and DD.)  These foods, included, drinks, such as coffee, tea, milk, juice and other drinks.  (Defs' Rule 56.1 ¶ 53; Ex. J, Ma 01-25-19 Tr. 96-99; 101-103.)  These foods also included items such as fruits, vegetables, grains or potatoes, meats, eggs, poultry, dairy and legumes.  (Defs' Rule 56.1 ¶ 54; Ex. J, Ma 01-25-19 Tr. 96-99; 101-103.)

## III.   ARGUMENT

### A.   STANDARD ON MOTION FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  A party opposing summary judgment may not rely on allegations in the complaint to establish an issue of fact. *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).  Nor may a party rely on inadmissible evidence to create a triable issue of fact in opposition to a summary judgment motion.  *Advantage Title Agency, Inc. v. Karl*, 363 F. Supp. 2d 462, 465 (E.D.N.Y. 2005).  Summary judgment is appropriate here as the undisputed material facts support dismissal.

### B.   Defendants Seek Summary Judgment As The Undisputed Facts and Law Show It Is Appropriate

#### i.   Plaintiffs Only Worked At 4 Locations and So Dismissal Against The Non-Employer Defendants Is Appropriate

It is undisputed that the 8 Plaintiffs remaining in this case only worked at 4 Defendant locations.  (Defs' Rule 56.1 ¶ 1; Ex. A, Luo Tr. 10-11; Ex. B, Huang Tr. 11; Ex. C, Zheng Tr. 10-11; Ex. D, Su Tr. 11-12; Ex. E, Wang Tr. 10; Ex. F, Cheng Tr. 10; Ex. G, Zhou Tr. 12-13; Ex. H,

Liao Tr. 9.)  As the Non-Employer Defendants have no connection to these Plaintiffs and no employment relationship, summary judgment dismissing the Non-Employer Defendants is appropriate.  Liability under the FLSA extends only to "employer[s]." 29 U.S.C. § 216(b); see *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) ("[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts.")  The Court of Appeals for the Second Circuit has established a four-factor test to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 105 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).  This set of factors is intended to be "nonexclusive and overlapping," and the factors are to be applied so as "to ensure that the economic realities test ... is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA."  *Irizarry*, 722 F.3d at 105 (internal quotation marks omitted).  A person or entity can also be an "employer" if the person or entity exercises functional control over the employee.  *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir. 2003); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 939-40 (S.D.N.Y. 2013).  *Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *6–7 (S.D.N.Y. Mar. 29, 2018).  The New York Court of Appeals has not yet answered the question of whether the test for "employer" status is the same under the FLSA and the NYLL, see *Irizarry*, 722 F.3d at 117, but courts in the Second Circuit have generally assumed that it is, *see Camara*, 2018 WL 1596195, at *7; *Sethi v. Narod*, 974 F. Supp. 2d 162, 188-89 (E.D.N.Y. 2013).

Plaintiffs' claims against the Non-Employer Defendants should be dismissed as there is no evidence under the economic realities test of a relationship between Plaintiffs and the Non-

Employer Defendants.  *Carter* at 12, holding modified by *Danneskjold v. Hausrath*, 82 F.3d 37 (2d Cir. 1996), and holding modified by *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003); See *Herman* at 139 (2d Cir. 1999) (stating that the "the overarching concern" regarding "employer" status is "whether the alleged employer possessed the power to control the workers in question").

It is undisputed that the Non-Employer Defendants had no power to hire, fire, supervise, determine rates of pay for Plaintiffs, and are therefore not appropriate employers to be included in this case.  (Defs' Rule 56.1 ¶ 18; Ex. L, Chow Tr. 55-56; Ex. C, Zheng Tr. 21, 22-23; Ex. F, Cheng Tr. 10-11, 12; Ex. A, Luo Tr. 9-10, 12-14; Ex. G, Zhou Tr. 32-33; Ex. D Su Tr. 44; Ex. B Huang Tr. 20-21; Ex. E Wang Tr. 24, 30-31; Ex. K Chou Tr. 30, 65-66 and Errata Sheet.)   For example, Plaintiffs testified that they only worked at specified Defendant locations.  (Defs' Rule 56.1 ¶¶ 2, 3, 4, 5, 6, 7, 8 and 9; Ex. A, Luo Tr. 7; Exs. M, Q, Y, CC and DD; Ex. B, Huang Tr. 11; Exs. N, R, Z, CC and DD; Ex. C, Zheng Tr. 10; Exs. O, S, CC and DD; Ex. D, Su Tr. 11; 19-25; Exs. T, CC and DD; Ex. E, Wang Tr. 10; Exs. U, CC and DD; Ex. F, Cheng Tr. 8; Exs. V, CC and DD; Ex. G, Zhou Tr. 12; Exs. P, W, CC and DD; Ex. H, Liao Tr. 7-8; Exs. X, CC and DD.  The *Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018) case is strikingly similar to the present case.  In *Camara*, the court dismissed on summary judgment 17 retail locations where the 8 plaintiffs in the case did not work finding them not to be plaintiffs' employers and further finding that these other locations did not have any control or supervision over the plaintiffs. The *Camara* court also granted summary judgment for the individual owner finding he had no role in hiring or supervising plaintiffs.  *Godlewska v. HDA*, 916 F. Supp. 2d 246, 258 (E.D.N.Y. 2013), aff'd sub nom. *Godlewska v. Human Dev. Ass'n, Inc.*, 561 F. App'x 108 (2d Cir. 2014) (granting summary judgment for City defendant on wage claims); *Jean–Louis v. Metro. Cable Commc'ns, Inc.*, 838 F.Supp.2d 111 (S.D.N.Y. 2011) (granting summary judgment to

defendant, finding, as a matter of law, defendant was not a joint employer for purposes of unpaid overtime claims under the FLSA brought by telecommunications technicians); *Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300 (E.D.N.Y. 2009) (granting defendant's motion for summary judgment and finding defendant was not a joint employer for FLSA and NYLL purposes of pickup and delivery workers).

Plaintiffs may seek to argue that the Non-Employer Defendants should be held liable under a single integrated enterprise theory.  However, such an argument should be rejected as the Second Circuit has not recognized it as applicable to FLSA wage cases, district courts are split on the matter and the traditional economic reality test, favored by many courts, would come out in favor of Defendants herein.  Further, the Defendant locations where Plaintiffs did not work would not meet the joint employer theory under any standard.

The Second Circuit Court of Appeals has yet to apply the single integrated enterprise rule to FLSA liability and many district courts in this Circuit have similarly refused.  For example, the Court in *Camara* at *8 rejected plaintiffs' single integrated enterprise argument and found that the economic reality test is controlling (dismissing 17 defendant locations and noting that the single integrated enterprise theory may not be applicable as "[o]ther district courts in this Circuit have declined to apply the formal single integrated enterprise doctrine in the FLSA context and have instead used the traditional economic realities test to determine whether multiple legal entities constitute a single employer for FLSA purposes. See, e.g., *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 205-06 (S.D.N.Y. 2014); *Hart*, 967 F. Supp. 2d at 939-40 & n.16; *Gorey v. Manheim Servs. Corp.*, 788 F. Supp. 2d 200, 210 (S.D.N.Y. 2011.))"

In *Rick's Cabaret* at 940 n.16 (S.D.N.Y. 2013) the court also specifically rejected using the "integrated enterprise test" finding little case law support, no Second Circuit direction and that the economic reality test controlled.  The *Rick's Caberet* court also found that "[t]he integrated

11

enterprise test is inapposite because an "enterprise" is not always coextensive with an "employer" under the FLSA.  See 29 U.S.C. § 203(r)(1); *Bowrin v. Catholic Guardian Soc'y*, 417 F.Supp.2d 449, 458 (S.D.N.Y.2006) ("As defined in the [FLSA], the term enterprise is roughly descriptive of a business rather than of an establishment or of an employer although on occasion the three may coincide."

Finally, the *Rick's Cabaret* court found that application of an integrated employer theory has only been applied in "extraordinary circumstances" where plaintiff demonstrates 'sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer.' " *Morangelli v. Chemed Corp.*,922 F.Supp.2d 278, 285 (E.D.N.Y.2013)(quoting *Herman v. Blockbuster Entm't Grp.*, 18 F.Supp.2d 304, 308 (S.D.N.Y.1998)), reconsideration denied in part, 2013 WL 1212790 (E.D.N.Y. Mar. 25, 2013)." *Id.* at 940, n.16.

Each Non-Employer Defendant here had no control over Plaintiffs whatsoever.  The *Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *4–5 (S.D.N.Y. Dec. 6, 2012) case is illustrative.  In *Lopez*, the court granted non-employer defendants' motion to dismiss where no relationship of control was alleged between the non-employer defendants and the plaintiffs.  The *Lopez* court explained that "companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people and, absent control, are not liable for the separate employees of the joint ventures. See, e.g., *Camion v. Douglas Elliman, LLC*, No. 06 Civ. 7092(NRB), 2007 WL 4358456, at *4 n. 3 (S .D.N.Y. Dec. 10, 2007)."  The *Lopez* court noted that even though common bookkeeper, accounting and general management were alleged, the other non-employer defendants did not have the power to hire plaintiffs, supervise plaintiffs or control their work schedules or payments.  Similarly, in the present case, the

undisputed facts show that the Non-Employer Defendants did not have a control relationship over Plaintiffs and did not hire, fire, supervise, control or pay them.  As such, dismissal of the Non-Employer Defendants is appropriate.

### ii. There is no Individual Liability for Defendants Kellen Chow and Han Chieh Chou, Dismissal is Appropriate

Individual liability under the FLSA or the NYLL is predicated on whether an individual possesses operational control in a manner that relates to a plaintiff's employment involving workplace conditions, operations, personnel or compensation.  *Irizarry* at 109.  As stated earlier, the economic reality test, or *Carter* test, provides four factors to consider in deciding whether an employment relationship exists, including whether the person: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  *Carter* at 12.

Defendant Chow meets none of these factors, and any claims against her should therefore be dismissed.  It is undisputed that Defendant Chow did not hire, did not fire, did not discipline and did not have anything to do with the wages and employment of any of the Plaintiffs.  (Defs. Rule 56.1 ¶¶ 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35; Ex. L, Chow Tr.)

Further, Defendant Chow's prior ownership stake in some Defendant entities is not enough to establish individual liability.  *Irizarry* at 111 (2d Cir. 2013) (ownership, or a stake in a company, is insufficient to establish that an individual is an "employer" without some involvement in the company's employment of the employees); *Tracy v. NVR, Inc.*, 04-CV-6541L, 2009 WL 3153150, *5 (W.D.N.Y. 2009) (holding that permitting individual liability under the FLSA based on the individual defendant's title, function or role within a company, "would license suit under the FLSA against every high level officer and board member of large public companies simply because of

13

the position the individual holds").  *Camara* at *7 (granting summary judgment for individual

defendants finding no evidence that the individual defendants could hire or fire any employee, that

they supervised or controlled any employee's work schedule or conditions of employment, that

they played any role in determining rate and methods of payment, or that they participated in

maintaining employment records); *Spiteri v. Russo*, No. 12–CV–2780, 2013 WL 4806960, at *61

(E.D.N.Y. Sept. 7, 2013) (granting summary judgment in favor of attorney defendants where, even

accepting the plaintiff's factual allegations as true, the plaintiff failed to demonstrate that the

economic realities of the plaintiff's work for the attorney defendants established an employer-

employee relationship.)

Similarly, Defendant Han Chieh Chou ("Defendant Chou") did not hire, fire, supervise or

set the pay rates for any of the Plaintiffs in this Action.  (Defs' Rule 56.1 ¶¶ 36, 37 and 38.)

*Camara* at *7 (granting summary judgment dismissing owner where there was no evidence of him

supervising or making hiring and firing decisions for plaintiffs); *Irizarry* at 111.

### iii.   Plaintiffs Were Given Wage Notices, Wage Statements/Pay Stubs and/or Were Otherwise Paid For All Hours Worked Dismissal of Counts VIII, Count VII (mis-numbered) and Count IX Is Appropriate

Plaintiffs' claims for wage notice and wage statement violations (Count VIII, Count VII

(misidentified as such Paragraphs 167-171) and Count IX) should be dismissed on summary

judgment as Defendants produced documentation that they were in compliance with the law in this

regard.  Defendants have produced wage notices, wage statements and pay stubs and other payroll

documents showing compliance.  (Exs. Q, R, S, T, U, V, W, X, Y, Z and AA.)  Plaintiffs also

acknowledge receipt of these documents.  (Ex. A, Luo Tr. 15; Ex. B, Huang Tr. 27-29; Ex. C,

Zheng Tr. 13; Ex. D, Su Tr. 33, 38-40; Ex. E, Wang Tr. 8-9; Ex. F, Cheng Tr. 11-12; Ex. H, Liao

Tr. 12.)  It is undisputed that Defendants either provided the wage notices or that Defendants

14

otherwise made complete and timely payment of all wages due.  (Ex. A, Luo Tr. 14-15; Ex. B, Huang Tr. 13-14; Ex. C, Zheng Tr. 12; Ex. D, Su Tr. 11, 15-16; Ex. E, Wang Tr. 13; Ex. F, Cheng Tr. 13; Ex. G, Zhou Tr. 18; Ex. H, Liao Tr. 12.)   Moreover, as Plaintiffs were paid for all hours worked, dismissal for these claims is also appropriate.  NYLL § 198 (1-b) affirmative defense to Section 195(1)(a) liability if, *inter alia*, the employer made complete and timely payment of all wages due.

Plaintiffs' Count VIII seems to allege that Defendants violated the NYLL by not notifying Plaintiffs of "their intent to apply meal deductions towards the minimum wage".  While Plaintiffs provide no statutory support for such a cause of action, the undisputed facts are clear that Plaintiffs' wage statements (pay stubs) received each week did indicate if and when a meal credit was taken. (Exs. Y, Z, AA, CC and DD.)  Therefore, Plaintiffs' Count VIII notice claim should be dismissed.

Plaintiffs' Count VII (misidentified and likely meant to be Count IX, Paragraphs 167-171) for Wage Notice violations should also be dismissed.  NYLL § 195(1) requires, *inter alia*, that an employer provide its employees with notice ("Wage Notice") related to rate of pay and the basis of payment.  New York Labor Law section 198 (1-b), also specifically provides for an affirmative defense as follows:

> In any action or administrative proceeding to recover damages for violation of subdivision one of section one hundred ninety-five of this article, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or articles nineteen or nineteen-A of this chapter to the employee who was not provided statements as required by subdivision one of section one hundred ninety-five of this article.

Even assuming a violation of the Wage Notice law can be garnered from the records, which the Defendants do not concede, the Defendants are entitled to claim the affirmative defense within the statute.  New York Labor Law § 198 (1-b).  The payroll records and Plaintiffs' testimony show that Plaintiffs were paid on a weekly basis, in a contemporaneous manner with their work weeks. (Defs' Rule 56.1 ¶ 41; Ex. J, Ma Tr. 01-25-19 59, 76, 111, 114-115; Ex. C, Zheng Tr. 11-12; Ex.

15

F, Cheng Tr. 12; Ex. A, Luo Tr. 12; Ex. H, Liao Tr. 12; Ex. B, Huang Tr. 12; Ex. E, Wang Tr. 12-13; Exs. Q, R, S, T, U, V, W, X, Y, Z, AA, CC and DD.)  Since it is undisputed that Plaintiffs either received a Wage Notice in the proper format approved by the New York State Department of Labor or were paid for all time worked, this cause of action must be dismissed as well.

It is not disputed that Plaintiffs received either wage notices or were paid for all time worked.  It is also not disputed that Plaintiffs were paid by check and received pay stubs with the appropriate information on them, including meal credit information.  NYLL § 195(3) and 12 N.Y.C.R.R. § 146-2.3.  *Camara* (summary judgment dismissing pay statement claims).

Plaintiffs' Count IX cause of action for Wage Statements/pay stub requirements under the NYLL should also be dismissed as Defendants, as described above, have provided records of pay stubs for all Plaintiffs that comply with the New York Labor Law.  (Exs. Y, Z, AA, CC and DD.) Specifically, NYLL § 195(3) requires employers to:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

N.Y. Lab. Law § 195 (McKinney)

Plaintiffs make two allegations related to this alleged cause of action, both of which are inaccurate and should be dismissed under the law.  First, Plaintiffs allege that meal credits appearing on the pay subs are unlawful and thus make the pay stubs invalid.  (Amended Complaint ¶ 175.)  Defendants are required under law to list "deductions…claimed as part of the minimum wage…" NYLL § 195(3).  Defendants have done so by listing meal credits.  NYLL § 195(3) and (Exs. Y, Z, AA, CC and DD.)  See *Guan Ming Lin*, 275 F.R.D. at 171 ("As a prerequisite to taking

16

a meal credit, the employer must state on the employee's pay stub the amount of the meal credit." (citing 12 N.Y.C.R.R. § 146-2.3)).  NYLL § 195(3) requires only that the employer list such deductions claimed as part of the minimum wage.  Further, the meal credits taken were lawful (see argument *infra*).  Additionally, assuming *arguendo* that meal credits were improperly applied, this would not invalidate the pay stubs as they contained all required information and allegedly improper meal credits are not one of the items required in order to comply with NYLL § 195(3).  The issue of meal credits and wage statements is distinguishable from the *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 468 (E.D.N.Y. 2015) case allowing a wage statement claim to go forward where it was alleged that all overtime hours were not listed on the wage statement.  By contrast, it is not in dispute that all of Plaintiffs' hours were accurately recorded and accounted for on the wage statements.  (Exs. Q, R, S, T, U, V, W, X, Y, Z, AA, CC and DD.)  Finally, as NYLL § 195(3) is a notice and record-keeping statute, an alleged violation based on an improper meal credit does not amount to a violation of this statute.  Theoretically, improper meal credits could be a violation of that particular section of the NYLL along with potential minimum wage violations but not a NYLL § 195(3) claim.

Second, Plaintiffs allege that the wage statement/pay stub law was violated since they were not in Plaintiffs' "native language (predominantly Chinese)."  (Amended Complaint ¶ 176.)  There is no requirement that wage statements/pay stubs be in any native language.  NYLL § 195(3).  By contrast NYLL § 195(1) (Wage Notice) does require the wage notice be in English and the employee's primary language.  NYLL § 195(1).  As Plaintiffs cannot prove any violation of the wage statement law and the undisputed records show wage statements were provided, summary judgment is appropriate.  As Defendants provided wage notices and pay stubs and/or otherwise paid Plaintiffs appropriately, summary judgment is warranted.

17

  **iv.**  **Plaintiffs' Uniform Claims (Count VI and VII) Should Be Dismissed as a Laundry Service Was Provided Free of Charge and the Uniforms Were Wash and Wear**

  Plaintiffs' claims related to uniform pay (Count VII) must be dismissed as a matter of law as Defendants provided a laundry service free of charge and the "wash and wear" exception otherwise indisputably applies to the uniforms at issue herein.  In cases such as this where the employer provides a laundry service free of charge, the NYLL provides that where any employee chooses not to use employer-provided laundry service the employer will not be required to pay uniform maintenance pay.  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7(c).  Specifically, the employer will not be required to pay uniform maintenance pay to any employee who chooses not to use the employer's service, where an employer:

   (1) launders required uniforms free of charge and with reasonable frequency; (2) ensures the availability of an adequate supply of clean, properly-fitting uniforms; and (3) informs employees individually in writing of such service.  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7(c).

  Defendants offered a free of charge daily laundry service to Plaintiffs, and Defendants handbook informed Plaintiffs of this policy in writing.  (Defs' Rule 56.1 ¶ 48; Ex. Ex. K, Chou Tr. 79-80; 83-84; Ex. J, Ma 01-25-19 Tr. 128; 130; Ex. L, Chow Tr. 58-60; Defs' Rule 56.1 ¶ 49; Ex. K, Chou Tr. 79-80; 83-84; Ex. J, Ma 01-25-19 Tr. 128; 130; Ex. L, Chow Tr. 58-60.)  Given these standards, Defendants were not required to compensate Plaintiffs for uniform maintenance under either the FLSA or the NYLL.  Defendants provided an unlimited supply of uniforms, such that Plaintiffs were not required to maintain or launder their uniforms at all.  (Defendants' Responses to Limited Interrogatory Number 5 dated August 8, 2016 and Defendants' Responses to Plaintiffs' Limited Request for the Production of Documents Numbers 3, 4 and 5 dated August 8, 2016 and documents attached thereto indicating laundry service receipts for Defendants and Handbook language informing Plaintiffs of the laundering service attached as Exhibits BB and DD to the Robins Declaration dated June 7, 2019.)  As such, summary judgment dismissing the uniform

18

maintenance claim is appropriate.

Further, even if the laundry service were not provided, the "wash and wear" exception does. The "wash and wear" exception applies to uniforms "that an employee can easily wash with regular clothes, and can wear to work without dry cleaning, ironing, etc." *See* N.Y. State Dep't of Labor, Guidance for the New York State Hospitality Industry on Uniforms (2013). Under the "wash and wear" exception:  An employer will not be required to pay the uniform maintenance pay, where required uniforms:

> (1) are made of "wash and wear" materials; (2) may be routinely washed and dried with other personal garments; (3) do not require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment; and (4) are furnished to the employee in sufficient number, or the employee is reimbursed by the employer for the purchase of a sufficient number of uniforms, consistent with the average number of days per week worked by the employee.  12 NYCRR § 146-1.7(b).

The uniforms at issue herein, a polo shirt, head scarf and apron, fit within this exception. The uniforms were washable, wash and wear.  They could be washed and dried with personal garments, even if Plaintiffs decided to wash them separately.  The uniforms did not require dry cleaning or ironing or other special treatment.  Plaintiffs improperly argue that the wash and wear exception requires a number of uniforms equal to the number of days worked.  (Amended Complaint).  However, this is an overbroad interpretation of the exception and Plaintiffs received an adequate number of uniforms to wear.  Plaintiffs ask this Court to interpret the term "sufficient" to mean "equal" in arguing that the number of uniforms must equal the amount of days worked. However, the regulation at issue here does not use the word "equal."  By contrast, the NYSDOL did use the word "equals" in reference to the tip credits regulation § 146-1.3, but used the words "sufficient" and "consistent with" in reference to the wash and wear exception in § 146-1.7.  The canons of construction dictate that when a drafter uses a specific word in one section and a different word in another, it is presumed that the word choice was intentional.  *U.S. v. Peterson*, 394 F.3d 98, 107 (2d Cir. 2005).  See, *Gregory v. Stewart's Shops Corp.*, 7:14-CV-33 (TJM/ATB) 2016

WL 8290648 (July 8, 2016, N.D.N.Y.) (rejecting the broader view of the "wash and wear" exception, stating "[g]iven that the authors of the Hospitality Wage Order, if they so intended, could have drafted a bright-line standard such as that suggested by the plaintiffs, the court concludes that it must apply the more subjective language of § 146-1.7(b)(4), as written"); *Gomez v. MLB Enterprises, Corp.*, No. 15-CV-3326(CM), 2018 WL 3019102, at *4 (S.D.N.Y. June 5, 2018) (granting summary judgment on uniform claims); *Cucu v. 861 Rest. Inc.*, No. 14-CV-1235 (JGK), 2017 WL 2389694, at *4 (S.D.N.Y. June 1, 2017) ("The regulation does not specify that the number of uniforms be equal to the average number of days worked per week").  As the Wage Order simply does not require Defendants to furnish employees with a number of uniforms equal to their average days worked, dismissal is appropriate.

Moreover, time spent laundering uniforms is not compensable under these circumstances and Plaintiffs' claims should be dismissed.  The Department of Labor regulation states that employers need not reimburse employees for maintaining uniforms that "do not generally require daily washing, dry cleaning, commercial laundering, or any other special treatment." 29 C.F.R. § 4.168(b).  The Department of Labor, Field Operations Handbook, also specifically provides that "the time spent in washing uniforms will not be considered hours worked for either [minimum wage] or [overtime] pay purposes."   Department of Labor, Wage and Hour Division, Field Operations Handbook § 30c12(b)(5).  *Camara* at *13 (granting summary judgment to defendants on wash and wear uniform claim); *Montellano-Espana v. Cooking Light Inc.*, No. 14CV01433SJRLM, 2016 WL 4147143, at *6 (E.D.N.Y. Aug. 4, 2016) (rejecting uniform claim under the wash and wear exception).   Moreover, Plaintiffs make no allegation that uniform maintenance was required on the job site and as such, any such activity postliminary to work is not compensable.  *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 747 F. Supp. 2d 1043, 1053 (E.D. Wis. 2010); *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010).

Thus, Plaintiffs were provided with a "sufficient" number of uniforms as a freshly cleaned uniform was available to Plaintiffs for each day of work.  An employer who provides uniforms that can be washed in a washing machine and worn thereafter or provides a free laundry service does not have to provide money or compensable worktime for laundering the uniforms.   12 N.Y.C.R.R. § 146–1.7.  As such, summary judgment is appropriate.

Plaintiffs' claims for reimbursement of a uniform deposit (Count VI) should also be rejected as it is undisputed that Plaintiffs were not required to purchase uniforms and were reimbursed for any uniform deposit made.  (Exs. Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC and DD.)  *Montellano-Espana v. Cooking Light Inc.*, No. 14CV01433SJRLM, 2016 WL 4147143, at *6 (E.D.N.Y. Aug. 4, 2016) (rejecting uniform deposit claim).

### v.   There Was No Licensing or Training Required or Uncompensated (Counts II and V) Should be Dismissed

Plaintiffs allegations related to licensing and training time (Counts II and V) appear to be in error or should otherwise be dismissed as Plaintiffs did not testify as to any such requirement or lack of pay.  Plaintiffs were paid for all time worked, including time spent training.  (Ex. A, Luo Tr. 14-15; Ex. B, Huang Tr. 13-14, 17; Ex. C, Zheng Tr. 12, 19; Ex. D, Su Tr. 11, 15-16, 27-28; Ex. E, Wang Tr. 13, 21; Ex. F, Cheng Tr. 13; Ex. G, Zhou Tr. 18, 25-26; Ex. H, Liao Tr. 12, 14.) Further, Plaintiffs' jobs did not require licensing.  (Defs' Rule 56.1 ¶ 50; Ex. A, Luo Tr. 15; Ex. B, Huang Tr. 16; Ex. C, Zheng Tr. 18-19; Ex. D, Su Tr. 27-28; Ex. E, Wang Tr. 20-21; Ex. F, Cheng Tr. 21; Ex. G, Zhou Tr. 25; Ex. H Liao Tr. 14-15.)  There is no evidence Plaintiffs were designated as Learners, Trainees, and/or Apprentices under NYCRR at Section 146 Subpart 2.11 as alleged in the Amended Complaint or that Plaintiffs were not paid for any such time worked. As such, dismissal is appropriate.

vi.     **Plaintiffs Did Not Work in Connecticut or New Jersey and So Dismissal of Counts X to XV are appropriate**

Plaintiffs' claims under Connecticut and New Jersey law (Counts X to XV) should be dismissed as it is undisputed that Plaintiffs did not work at any Connecticut or New Jersey Defendant locations.  (Defs' Rule 56.1 ¶ 10; Ex. A, Luo Tr. 8-9; Ex. B, Huang Tr. 10-11; Ex. C, Zheng Tr. 9; Ex. D, Su Tr. 9-10; Ex. E, Wang Tr. 8; Ex. F, Cheng Tr. 8-10; Ex. G, Zhou Tr. 11; Ex. H, Liao Tr. 7; Exs. M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, CC and DD.)  As Plaintiffs performed no work for any Defendant in Connecticut or New Jersey, those statutes are inapplicable and summary judgment is appropriate.  *Overton v. Sanofi-Aventis U.S., LLC*, No. CIV.A. 13-5535 PGS, 2014 WL 5410653, at *6 (D.N.J. Oct. 23, 2014) (dismissing claims finding NJWPL does not apply to employees who worked outside of New Jersey);  *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F.Supp.2d 363, 383 (S.D.N.Y. 2012) (holding NJWPL not applicable to employee who did not work in New Jersey);  *Redick v. E. Mortg. Mgmt., LLC*, No. 11–1260, 2013 U.S. Dist. LEXIS 36002, at *12, 2013 WL 1089710 (D.Del. Mar. 15, 2013) (holding NJWPL was not applicable to Delaware employee of a New Jersey company).

vii.     **Defendants Are Permitted By Law To Take Meal Credits; Plaintiffs Were Permitted to Eat Any Foods Prepared by Defendants, Dismissal of Counts I to IV is Appropriate**

First, Plaintiffs allege that a meal credit with a corresponding deduction from wages is somehow a violation of the FLSA.  (Am. Compl. ¶ 1.)  In fact, taking a meal credit is clearly allowed under the law.  29 C.F.R. § 531.31.  Next, Plaintiffs seem to allege that a meal credit for minimum wage workers are per se unlawful as it will bring a workers' pay below the minimum wage.  (Plaintiffs' Mem. at p. 3.); (Am. Compl. ¶ 5.)  This is demonstrably false and contrary to regulations and law.  29 C.F.R. § 531.31.  See also *Herman v. Collis Foods, Inc.*, 176 F.3d 912 (6th Cir. 1999).  Finally, Plaintiffs appear to also argue that they did not actually take the meal so

22

a meal credit is improper.  This argument is also contrary to existing case law and should be rejected.  The courts have rejected the concept of voluntariness for meals.  *Collis Foods*, 176 F.3d 912 (acceptance of the meal is not required for an employer to take a meal credit).  Indeed, the Field Operations Handbook of the USDOL instructs that "WH no longer enforces the 'voluntary 'provision with respect to meals.  Therefore, where an employee is required to accept a meal provided by the employer as a condition of employment, WH will take no enforcement action, provided the employer take credit for no more than the actual cost incurred."  DOL Field Operations Handbook section 30c01(b) (emphasis added).

Courts within this circuit have followed the *Collis Foods* line of cases.  See *Archie v. Grand Cent. P'ship, Inc.*, 86 F. Supp. 2d 262, 267 n.2 (S.D.N.Y. 2000) (allowing a meal credit and noting that "Plaintiffs' interpretation of 29 CFR § 531.30 that acceptance of benefits must be 'voluntary and uncoerced,' has, in any event, been struck down by three courts of appeals as being inconsistent with the statute."  See *Collis Foods, Inc.*; *Donovan v. Miller Properties, Inc.*, 711 F.2d 49 (5th Cir. 1983); *Davis Brothers, Inc. v. Donovan*, 700 F.2d 1368 (11th Cir. 1983).

Plaintiffs were allowed to eat meals at Defendants that included items in the food groups required under the law.  Whether Plaintiffs ate the meals provided is not relevant to the lawfulness of the meal credit.  29 C.F.R. § 531.31; DOL Field Operations Handbook section 30c01(b); *Collis Foods, Inc.* (acceptance of the meal is not required for an employer to take a meal credit); *Archie v. Grand Cent. P'ship, Inc.*, 86 F. Supp. 2d 262, 267 n.2 (S.D.N.Y. 2000) (allowing a meal credit and noting that "Plaintiffs' interpretation of 29 CFR § 531.30 that acceptance of benefits must be 'voluntary and uncoerced,' has, in any event, been struck down by three courts of appeals as being inconsistent with the statute." (citations omitted).

It is undisputed that the foods offered at Defendant locations where Plaintiffs worked included foods that qualify under regulation as a meal.  12 N.Y.C.R.R. § 146-3.7.  It is also

undisputed that Plaintiffs were permitted to eat foods and drinks prepared by Defendants as opposed to foods from outside vendors.  Plaintiffs admit they were allowed to drink coffee, tea, milk at Defendants.  Plaintiffs were also permitted to eat the other foods offered by Defendants. Defendants' handbook also allowed that Plaintiffs could eat foods produced by Defendants.  The foods Plaintiffs were allowed to eat were typically translated at Plaintiffs' depositions from Chinese to English as "bread."  However, upon further inquiry, it is clear that the "bread" translation was not accurate as Plaintiffs also admitted that these "bread" items included, fruits, vegetables, meats and fish and other items identified within the four food groups discussed above. Further, as explained at Lin Ma's deposition, the term Mian bao includes all Defendants' products and the translation of this description as "bread" does not accurately reflect what the term means. (Ex. J, Ma Tr. 01-25-19, 100-103)  As such, it is undisputed that Plaintiffs were allowed to take meals as defined under the NYLL and that Defendants only took a credit of $2.50 as allowed under the law.  12 N.Y.C.R.R. § 149-1.9; (Exs. Y, Z, AA, CC and DD.)

For purposes of determining whether Defendants may claim a meal credit, the relevant issue is whether Defendants made meals available to Plaintiffs, and the answer is they did.  *Collis Foods* at 918 ("Nothing in [29 U.S.C.] §203(m) indicates that employers must give their employees a choice of whether to accept meals.  Instead, the inquiry focuses on whether the meals are 'customarily furnished by' the employer.")

Similarly, there is no requirement that records be kept of every meal eaten by each employee.  "Given that [29 U.S.C.] §203(m) does not require deductions from wages to reflect the itemized cost of non-cash benefits provided to individual defendants, an interpretation requiring that records of such costs be kept would be unjustified."  *Collis Foods* at 920.  The relevant regulations "explicitly state that '[s]eparate records of the cost of each item furnished to an employee need not be kept.' "  *Id*. at 919 (citing 29 C.F.R. § 516.27(a)).  Therefore, summary

24

judgment on Plaintiffs' meal credit claims should be granted in favor of Defendants.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, it is respectfully submitted that this Court should grant Defendants' instant motion for an Order, pursuant to Fed. R. Civ. Proc. 56, granting Defendants summary judgment against the 8 remaining Plaintiffs as there are no genuine material facts in dispute and Defendants are entitled to summary judgment as Plaintiffs: a) did not work for the majority of the Defendant locations alleged in the Amended Complaint or for individual Defendants Chow or Chou; b) received wage statements and wage notices and/or otherwise were paid for all time worked; c) were not required to obtain a license or training; d) were permitted to take meals pursuant to law; e) were provided a laundry service free of charge and/or were given wash and wear uniforms; and this Court should grant Defendants such other relief as this Court deems just and proper.

Dated: Jericho, New York
        June 7, 2019                        LIPMAN & PLESUR, LLP


                        By:    _____David A. Robins_____
                               David A. Robins
                               Robert D. Lipman
                               500 North Broadway, Suite 105
                               Jericho, NY  11753
                               Telephone:    (516) 931-0050
                               Facsimile:      (516) 931-0030

                               LAW OFFICES OF CHRISTOPHER E. CHANG
                               Christopher E. Chang
                               140 Broadway, 46th Floor
                               New York, NY 10005
                               Telephone:    (212) 208-1470

                               *Attorneys for Defendants*