UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JING FANG LUO and SHUANG QIU HUANG,
individually and on behalf of all others similarly
situated,

                     Plaintiff,          **REPORT AND RECOMMENDATION**

      v.                                        15-CV-03642-WFK-ST

PANARIUM KISSENA INC. d/b/a FAY DA
BAKERY, PANARIUM INC. d/b/a FAY DA
BAKERY, BOULANGERIE DE FAY DA INC.
d/b/a FAY DA BAKERY, PATISSERIE DE FAY
DA, LLC d/b/a FAY DA BAKERY, LE PETIT PAIN
INC. d/b/a FAY DA BAKERY, BRAVURA SKY
VIEW CORP. d/b/a FAY DA BAKERY, LA PAN
MIETTE INC. d/b/a FAY DA BAKERY, FAY
DA (QUEENS) CORP. d/b/a FAY DA BAKERY,
FAY DA MOTT ST., INC. d/b/a FAY DA
BAKERY, FEI DAR, INC. d/b/a FAY DA
BAKERY, LE PAIN SUR LE MONDE INC.
d/b/a FAY DA BAKERY, BRAVURA LLC
d/b/a FAY DA BAKERY, CHI WAI CORP.
d/b/a FAY DA BAKERY, PHADARIAN CORP.
d/b/a FAY DA BAKERY, FAY DA MAIN
STREET CORP. d/b/a FAY DA BAKERY,
TORTA DI FAY DA d/b/a FAY DA BAKERY,
BRAVURA PATISSERIE d/b/a FAY DA
BAKERY, NICPAT CAFÉ INC. d/b/a FAY DA
BAKERY, FAY DA MANUFACTURING
CORP., FAY DA HOLDING CORP. d/b/a FAY
DA BAKERY, FAY DA HOLDING GEN 2 CORP.
d/b/a FAY DA BAKERY, HAN CHIEH CHOU,
and KELLEN CHOW,

                     Defendant.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Plaintiffs JING FANG LUO and SHUANG QIU HUANG, on behalf of themselves and

others similarly situated, brought this action against Defendants Panarium Kissena Inc.,

1

Panarium Inc., Boulangerie De Fay Da Inc., Patisserie De Fay Da, Inc., Le Petit Pain Inc., Bravura Skyview Corp., La Pan Miette Inc., Fay Da (Queens) Corp., Fay Da Mott St., Inc., Fei Dar, Inc., Le Pain Sur Le Monde Inc., Bravura, LLC, Chi Wai Corp., Phadarian Inc., Fay Da Main Street Corp., Torta Di Fay Da, Fay Da Manufacturing Corp, Fay Da Holding Corp., Fay Da Holding Gen 2 Corp., all doing business as FAY DA BAKERY, and HAN CHIEH CHOU and KELLEN CHOW, for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). Amended Compl. ¶ 1, ECF No. 36. For the reasons discussed below, I respectfully recommend that Plaintiffs' motion for class certification be denied.

## FACTUAL BACKGROUND

Plaintiff Luo alleges that she worked for defendant Panarium Inc., located at 41-60 Main Street in Flushing ("Panarium Flushing"), as a cashier from approximately November 27, 2011 to June 30, 2012; for defendant Boulangerie De Fay Da Inc., located at 136-18 39th Avenue in Flushing ("Boulangerie"), as a cashier from approximately July 1, 2012 to August 31, 2012; and for defendant Panarium Kissena Inc., located at 46-15 Kissena Boulevard in Flushing ("Panarium Kissena"), as a baker from approximately September 1, 2012 to August 29, 2013. *See* Amended Compl. ¶¶ 13-14, 94-104; Luo Aff. ¶¶ 3, 4, 6, ECF No. 48-2; Ex. 9 ("Luo's Pay Stub"), ECF No. 48-9.[1] Plaintiff Huang worked for Panarium Flushing as a cashier and a baker from approximately April 15, 2012 to May 11, 2013. *See* Amended Compl. ¶ 16, 105; Huang

---

[1] The Amended Complaint indicates that Plaintiff Luo worked for Boulangerie as a baker from approximately September 2, 2012 to April 29, 2013 (*see* Amended Compl. ¶ 15); however, Plaintiff Luo's affidavit and pay stubs indicate that her employer during that time period was in fact Panarium Kissena. *See* Luo Aff. ¶ 6; Luo's Pay Stub. Similarly, the Amended Complaint indicates in two paragraphs that Plaintiff Luo was a "server" at Panarium Flushing and Boulangerie (*see* Amended Compl. ¶¶ 94, 97), but Plaintiff Luo's affidavit indicates otherwise. *See* Luo Aff. ¶¶ 3, 4.

2

Aff. ¶¶ 3, 5, ECF No. 48-3.[2] Panarium Flushing, Boulangerie, and Panarium Kissena are three New York corporations each operating a Cantonese bakery doing business as Fay Da Bakery. *See* Amended Compl. ¶¶ 17-19, 42.

In addition to the three Fay Da Bakery locations operated by Panarium Flushing, Boulangerie, and Panarium Kissena, Plaintiffs allege that there are ten (10) active Fay Da Bakery locations in New York, plus one active Fay Da Bakery location in Connecticut.[3] Amended Compl. ¶ 45; Answer ¶ 16; Troy Aff. ¶ 52 fn. 2, ECF No. 167; Pls.' Mem. of L. in Supp. of Mot. for Class Certification ("Pls.' Mem. of L.") at 9, ECF No. 168. There are also several former Fay Da Bakery locations in New York, New Jersey, and Connecticut. *See* Amended Compl. ¶ 46; Answer ¶ 16. The Amended Complaint alleges that Fay Da Bakery locations are owned and operated by Defendants' corporations on a centralized basis. *See* Amended Compl. ¶¶ 42-43; Answer ¶¶ 14-15. The two individual Defendants named in this action include: Han Chou, the principal, officer, and director of the Fay Da Bakery corporations; and Kellen Chow, an officer of the Fay Da Bakery corporations. *See* Amended Compl. ¶¶ 53-61; Answer ¶¶ 22-23.

Throughout the course of their employment, Plaintiffs claim that their pay was reduced for meals purportedly provided by their employer. *See* ECF Nos. 48-9, 48-10, 48-11. Plaintiffs allege that these meal credit deductions brought Plaintiffs' actual take-home wages below the

---

[2] Like with Ms. Luo, the Amended Complaint indicates in one paragraph that Ms. Huang was a "server" (*see* Amended Compl. ¶ 105), but Ms. Huang's affidavit indicates otherwise. *See* Huang Aff. ¶¶ 3, 5.

[3] The Amended Complaint indicates that there are ten active Fay Da Bakery locations in New York City and one active Fay Da Bakery location in Connecticut (*see* Amended Compl. ¶ 45). The Amended Complaint also states that Fay Da Bakery formerly opened seven locations in New York, one location in Connecticut, and one location in New Jersey. *Id.* ¶ 46. The Answer admits both allegations. *See* ECF No. 37 ("Answer") ¶ 16. An affidavit from John Troy states that there are 15 locations in New York. *See* Troy Aff. ¶ 52 fn. 2, ECF No. 167. The Memorandum in Support of Class Certification indicates that there are "at least 13 Fay Da locations in New York State." Pls.' Mem. of L. at 9, ECF No. 168. In September 2019, a Store Location Chart was entered, indicating that there are sixteen Fay Da Bakery locations in New York. *See* ECF No. 155-1. There is no indication that all sixteen locations are active.

minimum wage standard. *See* Amended Compl. ¶¶ 64, 101, 104, 109; Luo Aff. ¶ 8; Huang Aff. ¶ 6. Plaintiffs allege that Defendants failed to record the actual cost accrued in connection with the meal credit they deducted (*see* Amended Compl. ¶¶ 73-76) and provided only bread and coffee for the meals (*see id.* ¶¶ 73, 143).

Further, Plaintiffs claim that, while working at Fay Da Bakery employees were required to wear a clean uniform including a green dress shirt, a green bandana, and an apron with a Fay Da Bakery logo. *See* Amended Compl. ¶¶ 77-81; Answer ¶ 28; Luo Aff. ¶ 9; Huang Aff. ¶ 7. Plaintiffs allege that they and other full-time employees were only provided with two uniforms and that their employers did not clean, launder, or provide maintenance services for the uniforms *See* Amended Compl. ¶¶ 82-86; Luo Aff. ¶¶ 10-12; Huang Aff. ¶¶ 8-10. Plaintiffs also allege that their employers required them "to purchase required uniforms by deducting its cost of $45 from their paychecks, and never reimbursing them at a time that was no later than the next pay day." *See* Amended Compl. ¶ 72.

## PROCEDURAL HISTORY

This case was filed on June 23, 2015. *See* Compl., ECF No. 1. Following Defendants' Answer, Plaintiff moved for an order conditionally certifying an FLSA collective action of similarly situated employees on June 20, 2016 (ECF Nos. 47-49) which was referred to me on July 6, 2016. I deferred ruling on that motion and directed the parties to conduct limited additional discovery on issues pertaining to certification. *See* ECF No. 53. Following that discovery, parties submitted briefings regarding the motion for a conditional certification of an FLSA collective action. *See* ECF Nos. 54-56. In a Report and Recommendation (ECF No. 57) submitted on November 23, 2016 and adopted by the Honorable William F. Kuntz (ECF No. 60), this Court found that certain employees who were employed at three (3) out of nineteen (19)

locations at the Defendants' bakeries to be certified as a collective, as the record did not support the proposition that all (19) of the Defendants' bakery locations had the alleged unlawful policies in place. *See* Order, ECF No. 60; Report and Recommendations, ECF No. 57. On July 21, 2017, Judge Kuntz denied Plaintiffs' motion for certification of an interlocutory appeal. *See* Decision, ECF No. 70.

Between October 13 and October 31, 2017, additional plaintiffs opted into the collective action. *See* Consents to Become Party in a Collective Action, ECF No. 81-99. Then, between January to June 2018, Plaintiffs and their attorneys became unresponsive to discovery requests and failed to comply with this Court's orders which resulted in this court ordering sanctions against plaintiffs and dismissal of certain unresponsive plaintiffs. *See* ECF Nos. 109, 112-13, 128, 131. Of the twenty (20) plaintiffs who opted into the FLSA Collective Action, fourteen (14) were dismissed with prejudice based on their failure to appear for depositions that were originally noticed in September 2018. *See* ECF Nos. 128, 131, 145, 147. Eight (8) plaintiffs remain in this action as of this date.[4]

On March 13, 2020, Plaintiffs filed this motion for certification of a class pursuant to Federal Rule of Civil Procedure 23 certifying their NYLL claims as a class action. *See* ECF Nos. 162, 166. The Plaintiffs alleged that, as a result of the meal deductions and unpaid time washing uniforms, Plaintiffs' wages have been reduced below the federal and New York State minimum wages, in violation of 29 U.S.C. §206 and NYLL §602. The proposed class is defined as follows:

> All employees of the Defendants worked from six years immediately preceding the date of the filing of the Complaint to present, who were employed by Defendants at locations in New York doing business as "Fay Da Bakery" to perform work as bakers, cashiers,1 and miscellaneous workers, and who either: (1) had a meal credit deducted from their pay

---

[4] The remaining plaintiffs include two named plaintiffs: Shuang Qiu Huang (ECF No. 28), Jing Fang Luo (ECF No. 29); and six opt-in plaintiffs: Shushu Su (ECF No. 71), Jing Cheng (ECF No. 83), Bing Zhen Zheng (ECF No. 84); Na Na Zhou (ECF No. 88); Qiao Hong Liao (ECF No. 90); and Si Feng Wang (ECF No. 98).

5

> by Defendants despite receiving from Defendants meals consisting of only coffee and bread in violation of 12 N.Y.C.R.R. § 146-3.7; (2) underwent a training/licensing period mandated by the Defendants and did not receive applicable New York minimum wage during their training/licensing period in violation of 12 N.Y.C.R.R. § 146-2.11; (3) were required by Defendants to purchase uniforms and were not reimbursed for the purchase of the said uniforms in violation of 12 N.Y.C.R.R. § 146-1.8; (4) were required by Defendants to launder their uniforms and were not either provided with laundry facilities to launder their uniforms or reimbursed for the cost, or compensated for the time spent on laundering their uniforms in violation of 12 N.Y.C.R.R. § 146-1.7; or (5) as a consequence of any of the above-numbered policies, was not paid the applicable New York minimum wage for all hours worked in violation of N.Y. C.L.S. Labor § 652 and 12 N.Y.C.R.R. § 146-1.2.

Pls.' Mem. of L. at 6. Judge Kuntz referred this motion to me for a report and recommendation on May 14, 2020.

## LEGAL STANDARD

### A. Rule 23

In order to proceed on behalf of similarly situated employees on a claim under New York Labor Law, Plaintiffs must first seek class certification under Fed. R. Civ. P. 23. *Sipas v. Sammy Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318, at *n.3 (S.D.N.Y. Apr. 24, 2006) (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 391-95 (W.D.N.Y. 2005)). Class certification of claims under New York Labor Law depends upon the satisfaction of the requirements set forth in Fed. R. Civ P. 23(a). *Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d. Cir. 1997). The Second Circuit has instructed district courts to apply Rule 23 "'according to a liberal, rather than a restrictive interpretation' and to 'adopt a standard of flexibility.'" *Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039, at *26 (S.D.N.Y. Sept. 28, 2006) (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) and *Marisol A.*, 126 F.3d at 377).

Federal Rule of Civil Procedure 23 provides the standard for certification of class actions in federal court. Rule 23(a) sets forth the following requirements for class certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all

> members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Furthermore, Rule 23(b) provides for three different categories of class action and sets forth the requirements of maintaining a class action. A class action is authorized under Rule 23(b)(3) when Rule 23(a) is satisfied and if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Plaintiffs are seeking certification of their state law unpaid minimum wage claims under Rule 23(b)(3). As such, Plaintiffs must demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Furthermore, the Court must define the class and class claims, issues, and defenses at the time of certification of the class pursuant to Rule 23(c) and must appoint class counsel pursuant to Rule 23(g).

### B. New York Labor Law Claims

Plaintiffs allege that Defendants violated specific provisions of the NYLL and its regulations pertaining to Meal Credit and Uniform Maintenance.

#### i.     Meal Credit

The FLSA provides that an employees' wage "includes the reasonable cost…to the employer of furnishing such employee with board, lodging, or other facilities, if such board,

7

lodging, or other facilities are customarily furnished by such employer to his employees." 29 U.S.C. § 203(m). The relevant regulations provide that such a meal credit may only be taken if it complies with federal and state law. *See* 29 C.F.R. § 531.31 ("The reasonable cost of board, lodging, or other facilities may be considered as part of the wage paid an employee only where 'customarily' furnished to the employee….Facilities furnished in violation of any Federal, State, or local law, ordinance, or prohibition will not be considered facilities 'customarily' furnished."). Thus, an employer may deduct money from an employee's wage in the amount of a meal credit's "reasonable cost," but the meal credit may not exceed the actual cost of the meal (s*ee* 29 C.F.R. § 531.3(a)) and may not exceed $2.50 per meal (*see* 12 N.Y.C.R.R. § 146-1.9), among other restrictions.

Under New York law and regulations, employer-provided meals must also consist of "adequate portions of a variety of wholesome nutritious foods," including fruits or vegetables and eggs, meat, fish, poultry, dairy or legumes. 12 N.Y.C.R.R. § 146-3.7. Finally, an employer must state on the employee's pay stub the amount of the meal credit in order to apply the credit. *Id.* § 146-2.3; *see Nicholson v. Twelfth St. Corp.*, 2010 WL 1780957, at *3 (S.D.N.Y. May 4, 2010) ("By law, an employer may claim a meal credit if it is properly documented."); *see also Hernandez v. JRPAC Inc.*, 2016 WL 3248493, at *26 (S.D.N.Y. June 9, 2016) ("'[T]he employer must retain records documenting the out-of-pocket costs that it incurred'" in connection with a meal credit) (citation omitted).

### ii.     Uniform Maintenance

Federal law requires an employer to compensate employees for the purchase and maintenance of required uniforms only when such expenditures would reduce the employees' wages below minimum wage. *See Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 475

8

(S.D.N.Y. 2015). The New York State Hospitality Industry Wage Order also calls for employers to compensate employees for the purchase and maintenance of required uniforms. *See* 12 N.Y.C.R.R. § 146-1.7. Under both New York and federal law, a uniform must be more than ordinary or basic street clothes. *See id.* (concluding that "ties and shirts" were uniforms because the restaurant where the employees worked "does not permit variation in these articles of clothing"); *cf. Allende v. PS Brother Gourmet, Inc.*, 2013 WL 11327098, at *4-5 (S.D.N.Y. Feb 1, 2013).

## DISCUSSION

Plaintiffs' motion for class certification should denied because it is untimely and fails to satisfy the FRCP Rule 23 requirements. *See* Fed. R. Civ. P. 23 ('Rule 23"). First, Plaintiffs' five-year delay in requesting class certification prevented the Court from deciding class certification "at an early practicable time" after the commencement of this suit. Second, even if the Court set aside the issue of timeliness, the evidence is insufficient to satisfy the Rule 23 requirements. In particular, Plaintiffs fail to prove commonality and typicality under Rule 23(a) because they lack sufficient evidence to prove the existence of common unlawful policies applicable to the putative class across all Fay Da Bakery locations in New York. Therefore, Plaintiff's motion for class certification should be denied.

### A. Parties' Arguments

Plaintiffs argue that the requirements for class certification under Rule 23 are satisfied. *See* Pls.' Mem. of L. at 2-3, ECF No. 168. Rule 23(a)(1) requires that the members of the proposed class are identifiable and numerous. Here, Plaintiffs argue that the class is numerous as it consists of approximately two thousand five hundred (2,500) members based on "reasonable inferences from available facts." *See* Pl.'s Mem. of L. at 8. With respect to commonality and

typicality, Plaintiffs refer to Defendants' response to their interrogatory to argue that at least thirteen Fay Da locations in New York State had a common policy to deduct a meal credit from employees' paychecks between March 2011 and August 2014. *See* Pls.' Mem. of L. at 9; *see also* Troy Aff. Ex. 10, ECF No. 167-10. Finally, Plaintiffs state that their proposed class representative, Plaintiff Luo, will fairly and adequately protect the interests of the class in this action and that there is no conflict between Plaintiff Luo and the class members and that the damages are of the same type for each member of the class. *See* Pls.' Mem. of L. at 10. Additionally, Plaintiffs argue that they brought their motion for classification at an "early practicable time," citing cases in which courts have granted motions to certify the class after discovery was completed. *See* Pl.'s Mem. of L. at 14 (citing *Ruggles v. Wellpoint, Inc.,* 253 F.R.D. 61, 67 (N.D.N.Y. 2008) and *Jankowski v. Castaldi*, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 11, 2006)).

In their opposition, Defendants first argue that this motion is untimely because Plaintiffs waited over four years before requesting permission to file a Rule 23 class certification motion. *See* Defs.' Memorandum in Opposition ("Defs.' Opp.") at 7, ECF No. 165. Defendants argue that it is inappropriate for Plaintiffs to seek class certification now after the close of discovery. *Id*. Defendants point out that Plaintiffs chose to pursue FLSA collective action in 2016, basing their FLSA collective action certification motion on discovery obtained in the early stages of this litigation when Plaintiffs asked for FLSA certification at all Defendant locations. *See* Defs.' Opp. at 9, ECF No. 165.

Further, Defendants argue that Plaintiffs fail to show proof that there are over 2,500 potential members in this putative class. *See* Defs.' Opp. at 13. In fact, Defendants point out that there is no evidence that employees other than Named Plaintiffs and those who opted in from the

10

three locations in the FLSA collective action were possibly aggrieved. *Id.* Second, Defendants argue that Plaintiffs fail to prove commonality and typicality because local supervisors and managers at each location were able to implement policies at their own discretion. *See* Defs.' Opp. at 14, 18. Furthermore, Defendants note that Plaintiffs cannot show typicality because Plaintiff Luo and proposed class representative worked in only two (2) locations, and in jobs and duties that differed from those of the putative class. *See* Defs.' Opp. at 19. Lastly, Defendants argue that Plaintiffs and their counsel are not adequate representatives as they have been sanctioned, engaged in inappropriate conduct, and have been decertified as inadequate class counsel in other matters. *Id.*

### B. Timeliness

Plaintiffs argue that the motion for class certification is timely because they lacked the necessary information for their claims and for this motion, avowing that they "could not have moved for class certification at an earlier time." Pls.' Mem. of L. at 14-15. Plaintiffs also argue that "significant discovery . . . was necessary before Plaintiffs could possibly move for class certification with any reasonable chance of success." *See* Memorandum in Reply ("Pls.' Reply") at 2, ECF No. 169. Defendants counter, among other things, that "Plaintiffs waited over 4 years before even requesting permission to file a Rule 23 class certification motion" and that "Plaintiffs had all information necessary for making this motion at a much earlier date in this litigation." Defs.' Opp. at 7-8.

"Class certification is to be decided 'at an early practicable time' after the commencement of a suit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d Cir. 2004) (quoting Fed R. Civ. P. 23(c)(1)). "The reason for this rule is plain: fundamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may

11

ultimately be liable for money damages." *Siskind v. Sperry Ret. Program, Unysis*, 47 F.3d 498, 503 (2d Cir. 1995). "A party's failure to move for class certification until a late date is a valid reason for denial of such a motion." *Sterling v. Envtl. Control Bd. of City of New York*, 793 F.2d 52, 58 (2d Cir. 1986).

Plaintiff's motion for class certification is "not merely untimely but prejudicially so." *Cruz v. Coach Stores, Inc.*, No. 96 Civ. 8099, 1998 WL 812045, at *3 (S.D.N.Y. Nov. 18, 1998). Plaintiff waited until March 13, 2020—nearly five years after the Complaint was filed and almost one year after the close of discovery—to file a motion for class certification. *See* ECF No. 162; *see also Weiss v. La. Suisse, Societe d'Assurances Sur La Vie*, 161 F. Supp. 2d 305, 319 (S.D.N.Y. 2001) ("Assuming *arguendo* that class certification would be appropriate, [the court is] constrained to deny the motion [for class certification and for leave to file a class action complaint] because of plaintiffs' tardiness in marking it."); *Bank v. Am. Home Shield Corp.*, No. 10-CV-4014, 2013 WL 789203, at *3 fn. 2 (E.D.N.Y. Mar. 4, 2013) ("If it appears that [the plaintiff] is dilatory in seeking certification, the Court may conclude that a viable class action was never possible"); *Adise v. Mather*, 56 F.R.D. 492, 495 (D. Colo. 1972) ("Delay in bringing the class action question before the Court delays the pretrial proceedings and the ultimate disposition of the litigation…. [The court] cannot and should not condone the delay.").

"By so delaying, [P]laintiff assured that any granting of its motion would severely prejudice [D]efendant[s], as well as undermine the efficiency of the judicial process." *Cruz*, 1998 WL 812045, at *3; *see also Davis v. Lenox Hill Hosp.*, No. 03 Civ. 3746, 2004 2004 WL 1926086, at *3-4 (S.D.N.Y. Aug. 31, 2004). Discovery came to an end over a year ago; granting certification now would reset the discovery clock, which "guarantees inordinate delay of the pre-trial process and prejudice to Defendants." *See Kapiti v. Kelly*, 2008 WL 3874310 at *3

(S.D.N.Y. Aug. 18, 2008) (denying motion for class certification as untimely when made a year after the complaint was filed and one month before the close of discovery).

Plaintiffs claim that they required additional information before requesting class certification. However, in February 2019 (*See* ECF No. 134), Plaintiffs were pursuing discovery over the same information regarding meal-credit policies that they had been seeking in August 2016 (*See* ECF No. 54). This Court had extended the discovery deadline on two occasions, specifically to allow Plaintiffs an opportunity to send interrogatories surrounding meal-credit policy. Minute Entry, ECF No. 53; Minute Entry, ECF No. 134 ("Deadline for completion of discovery is extended . . . for the sole purpose of allowing Plaintiffs to reformulate interrogatory questions specific to the meal credit policy at issue in this case."). At the motion hearing held on February 8, 2019, the Court reprimanded that Plaintiffs could have avoided the need for such discovery extensions had they served proper interrogatories with appropriate questions years ago during the Certification for FLSA Collective Action stage. *See* Minute Entry, ECF No. 134. Plaintiffs then waited more than two months—during which time Plaintiffs were sanctioned for the *third* time for failure to participate in discovery (Minute Entry, ECF No. 138)—before filing a letter seeking this Court's approval for Plaintiffs' anticipated Motion for Class Certification. Pls.' Letter, ECF No. 139. The record make clear that Plaintiffs had more than enough time to compel discovery and subpoena individuals for deposition to move this case along, but Plaintiffs' obtuse and overbroad discovery methods and lack of diligence resulted in the belated filing of this motion. In light of such a record, Plaintiff's arguments regarding timeliness are unpersuasive. Accordingly, this court recommends denial of Plaintiffs' motion for class certification on the basis of undue delay.[5]

---

[5] Plaintiffs argue that their delay in bringing this motion was caused by the Court's prioritization of the summary judgment motion review. Pls.' Reply at 6, ECF No. 169. This does not absolve the

13

### C. Commonality and Typicality

Setting aside the issue of timeliness, Plaintiffs' motion should also be denied because the Rule 23 requirements are unmet. To certify a class, plaintiffs must demonstrate that the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequate representation. *See* Fed. R. Civ. P. 23(a) (1)-(4). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Lanqing Lin v. Everyday Beauty Amore, Inc.*, No. 18-cv-729 (BMC), 2019 U.S. Dist. LEXIS 115820, at *2 (E.D.N.Y. July 11, 2019) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010)).

Here, Plaintiffs claim that the putative class consists of approximately 2,500 members based on "reasonable inferences from available facts." *See* Pls.' Mem. of L. at 8. Plaintiffs seems to have arrived at this number by using "250 employees per 3 years per 3 locations," multiplying this five-folds to cover fifteen (15) bakery locations,[6] and doubling that number to cover the six-year period. *See* Troy Aff. at 52, ECF No. 167. This calculation depends on the inference that every single employee across the fifteen (15) Fay Da bakery locations were subject to a common unlawful policy during their employment. Yet, Plaintiffs have not met their burden to "come forward with evidence that the inference that they seek to draw . . . is correct." *Lanqing Lin v. Everyday Beauty Amore, Inc.*, No. 18-cv-729 (BMC), 2019 U.S. Dist. LEXIS 115820, at *4 (E.D.N.Y. July 11, 2019); *see also Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 275 (S.D.N.Y. 2018) (denying class certification as no commonality where managers have discretion in

---

Plaintiff's tardiness, as Plaintiffs should not have waited until the deadlines for dispositive motions were approaching to indicate their intent to file this class certification motion.

[6] *See supra*, note 3.

14

implementing a common policy and noting the difficulty of proceeding as a class when the alleged unlawful behavior was the product of local supervisors exercising their discretion).

Here, despite having spent an inordinate amount of time for protracted discovery, Plaintiffs are unable to come forward with evidence proving the existence of common policies applicable to the putative class across all fifteen (15) Fay Da bakery locations in New York. Having reviewed six (6) affidavits submitted by Plaintiffs in support of their Rule 23 motion (ECF Nos. 167-3 through 167-8), I conclude that the affidavits are insufficient to establish commonality as they contain statements that are lacking in detail, and fraught with inconsistencies and hearsay. *See Bondi v. New Rochelle Hotel Assocs.*, No. 17 CV 5681 (KMK)(LMS), 2018 U.S. Dist. LEXIS 209005, at *48-49 (S.D.N.Y. Dec. 7, 2018) (finding that evidence is insufficient to show illegal policies that uniformly applied to all class members where the affidavits submitted by the plaintiffs contained anecdotal evidence which lacks "precision and detail from which the Court might infer a uniform policy" with respect to compensation.); *see also Lanqing Lin*, 2019 U.S. Dist. LEXIS 115820, at *15 (rejecting conclusory and speculative statements in affidavits claiming that "all employees were paid the same as affiants" and deeming such statement as insufficient to establish commonality or typicality).

To illustrate just a few deficiencies in the submitted affidavits, Plaintiff Luo stated that $2.50 was deducted each day as meal credit from her pay check and that only bread and coffee was provided as meals. Aff. in Supp. of Mot. for Class Certification, Ex. 3 ("Luo Aff."), ECF No. 167-3. This does little to establish the existence of a common policy that violates the law. The affidavit is devoid of details regarding what type of bread Plaintiff Luo was told she could and could not eat, contains no description of the breads' nutritional content, and fails to specify

whether such restriction had been communicated to employees as a formal or informal policy.[7] *Id*. In fact, Plaintiff Luo had testified during her deposition that there was no policy that restricted the types of bread that she can eat, nor did anyone at the bakeries at Boulangerie and Kissena tell her what she could and could not consume for lunch:

"Q: [W]ere you permitted to eat the Lotus wraps?

A. I was not told specifically. But normally if it's a larger size item then we were very cautious not to eat it . . .

Q. Did anybody tell you when you were working at the 39th Avenue location what you could and could not eat?

A. No . . .

Q. And did anybody at the Kissena location tell you what you could and couldn't eat from the location?

A. To me, no."

*See* Robins Decl. in Supp. of Defs.' Mot. for Summ. J., Ex. A ("Luo Dep."), ECF No. 151-4 at 22-23; *See also Bondi*, 2018 U.S. Dist. LEXIS 209005, at *48-49 (denying class certification, noting that "besides the declarations provided, there is no deposition or other testimony" that supports the showing of commonality and typicality.).

---

[7] Defendants deny that a common meal credit policy existed – rather, their interrogatories show that the supervisor of each bakery location had the discretion to implement any meal credit policies. *See* Robins Decl. in Supp., Ex. J ("Ma Dep."), ECF No. 151-13 at 40. Even assuming that the meal-credit deduction policy existed at certain bakery locations, plaintiffs have not shown any evidence of a common *unlawful* policy. Under relevant New York regulations, employers may deduct meal credit so long as a meal is provided that include at least one of the types of food from all four of the following groups: "(1) fruits or vegetables; (2) grains or potatoes; (3) eggs, meat, fish, poultry, dairy, or legumes; and (4) tea, coffee, milk or juice." 12 N.Y.C.R.R. § 146-3.7 Plaintiffs fail to include any description of the types of bread they were told they may consume, nor do their affidavits specify the nutritional contents (or deficiencies) of the bread at the bakery to form the basis of their allegation that the meals provided violated the New York regulations. Plaintiffs' mere allegation that bread and coffee was provided is not enough to establish an unlawful common policy. *See* Robins Decl. in Supp., Ex. K ("Chou Dep."), ECF No. 151-14 at 64-65. *See generally*, Ex. 3-8 (Affidavits), ECF No. 167-3 through 167-8.

16

The Plaintiffs' affidavits exhibit additional inconsistencies and vagueness relating to the uniform washing practice. In her Affidavit, Plaintiff Luo vaguely states that employees were required to "purchase" the uniform for $45 which was deducted from paychecks, and that Fay Da did not "clean, launder, or provide any maintenance services." Luo Aff. ¶¶12-13. However, according to Plaintiff Luo's own deposition this was not a common policy across all locations for all employees, as she testified that the Kissena bakery provided uniforms to bakers without a deposit payment and washed their uniforms free of charge. Luo Dep. At 29-31, ECF No. 151-4. Plaintiff Luo also testified that, at the locations in which a uniform deposit was charged, the bakery returned the deposit in full. *Id*.

Similarly, while affidavits of other plaintiffs state that $2.50 was deducted daily from their paychecks as meal credits during the time they worked at Kissena or Bravuray Sky View bakery locations, said affidavits are contradicted by deposition testimony in which at least one employee stated that no meal credit was deducted from her paycheck at Bravura Sky View and at Kissena. *Compare* Robins Decl. in Supp. of Defs.' Mot. for Summ. J., Ex. H ("Liao Dep.") at 16-17, ECF No. 151-11 ("Q. Fay Da did not deduct any money from your paychecks for meals; is that right? A. No, they would not deduct my lunch.") *with* Affdavits of Liao, Zheng, and Cheng, ECF Nos. 167-6, 167-4, 167-7).

More problematic is the Plaintiffs' attempt to extend their allegations – which is associated with their direct experiences at four or five bakery locations at most[8] – to all fifteen (15) bakery locations by means of speculative, hearsay evidence. Such inadmissible evidence will not be considered. *See Lanqing Lin v. Everyday Beauty Amore, Inc.*, No. 18-cv-729 (BMC),

---

[8] The six (6) affiants' statements about their own personal experience plausibly relate to one or more of the following five (5) bakery locations: Panarium, Boulangerie, Panarium Kissena, Le Petit Pain, Bravura Sky View.

2019 U.S. Dist. LEXIS 115820, at *12-14 (E.D.N.Y. July 11, 2019). In *Lanqing Lin v. Everyday Beauty Amore, Inc.,* the plaintiffs submitted affidavits which consisted of anecdotes about other employees, aside from the affiants' own experiences including: "I know another person named Feifei . . . we had a chat . . . she told me she was getting the same pay as I did, regardless of which store she worked." *Id*. There, Judge Cogan rejected these types of evidence as "pure hearsay." *Id*. ("Besides the five affiants' statements about their own personal employment experiences, the allegations about other employees' experiences are pure hearsay. . . Because a district court cannot rely on inadmissible hearsay to determine threshold issues such as jurisdiction, Judge Mann found that the same was true at class certification . . ."). Similarly, the affidavits submitted in support of this class certification motion contain numerous lines of hearsay and speculative statements which are inadmissible and thus excluded from consideration. *See e.g.*, Luo Aff. ¶ 18 ("I know this practice is not limited to the stores I worked. I spoke with my coworkers at Fay Da Bakery . . ."); Ex. 5 ("Zhuo Aff.") ¶19, ECF No. 167-5 ("I have spoken with other employees formerly employed by Fay Da and they have revealed to me that they also did not get paid minimum wage and overtime, and they were not given adequate breaks"); Ex. 6 ("Liao Aff.") ¶18, ECF No. 167-6 (". . .this practice is not limited to the stores I worked. I spoke with my coworkers at Fay Da Bakery . . . "); Ex. 7 ("Cheng Aff.") ¶18, ECF No. 167-7 ("[I] have spoken with other employees formerly employed by Fay Da and they have revealed to me that they also did not get paid minimum wage and overtime, and they were not given adequate breaks); Ex. 8 ("Wang Aff.") ¶¶19-21 (same). In particular, two of the affidavits refer to an individual named "Lu Yang" – neither a plaintiff nor an affiant in this action – who is purportedly "a baker who worked at all Fay Da bakeries, [and] was also subject to the same $30 dollar meal deduction per paycheck." Luo Aff. ¶¶ 21-22, Zhuo Aff. ¶ 22. These references fail to

state the basis of the knowledge asserted; hence, it is speculative and lacks foundation. *Lanqing Lin*, 2019 U.S. Dist. LEXIS 115820, at *15 (E.D.N.Y. July 11, 2019) ("Plaintiffs cannot certify a class on mere speculation."). To the extent this statement contains knowledge gained through communication, it would constitute inadmissible hearsay. *See id*. Therefore, these statements will not be considered as evidence in determining the Plaintiffs' class certification motion.

Given the inconsistencies in the factual record and the affidavits which lack detail, Plaintiffs are unable to prove the existence of common policies. If anything, the record suggests that the alleged violations would necessitate "an individual inquiry of the putative class members as to the elements of the alleged violations" based on the employee's work location and position which "defeats commonality" and typicality. *See Vu v. Diversified Collection Servs*., 293 F.R.D. 343, 353 (E.D.N.Y. 2013). Accordingly, Plaintiffs' motion for class certification should be denied.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiffs' motion for class certification be denied.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff Wilmington PT Corporation is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                                                                         /s/
                                              Steven L. Tiscione
                                              United States Magistrate Judge
                                              Eastern District of New York

Dated: Brooklyn, New York
          September 16, 2020