```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JING FANG LUO and SHUANG QIU HUANG,             :
individually and on behalf of all others similarly  :
situated,                                        :
                                                 :
                Plaintiffs,                      :      ORDER
                                                 :      15-CV-3642 (WFK) (SLT)
        v.                                       :
                                                 :
PANARIUM KISSENNA, INC. d/b/a/                   :
FAY DA BAKERT et al.,                            :
                                                 :
                Defendants.                      :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiffs Jing Fang Luo and Shuang Qiu Huang, on behalf of themselves and others similarly situated, brought this action against Defendants Panarium Kissena Inc., Panarium Inc., Boulangerie De Fay Da Inc., Patisserie De Fay Da, Inc., Le Petit Pain Inc., Bravura Skyview Corp., La Pan Miette Inc., Fay Da (Queens) Corp., Fay Da Mott St., Inc., Fei Dar, Inc., Le Pain Sur Le Monde Inc., Bravura, LLC, Chi Wai Corp., Phadarian Inc., Fay Da Main Street Corp., Torta Di Fay Da, Fay Da Manufacturing Corp, Fay Da Holding Corp., Fay Da Holding Gen 2 Corp., all doing business as Fay Da Bakery, and Han Chieh Chou and Kellen Chow, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL"). Amended Compl. ¶ 1, ECF No. 36. On March 13, 2020, Plaintiffs moved for class certification. ECF No. 162. Plaintiffs now object to the Report & Recommendation ("R&R"), ECF No. 171, prepared by the Honorable Magistrate Judge Steven L. Tiscione recommending denial of Plaintiffs' motion for class certification. ECF No. 172.

## BACKGROUND

The R&R succinctly sets forth the facts of this case and therefore the Court will not engage in a lengthy recitation. *See* R&R at 2–4. The following is a summary of the procedural posture of the case.

This case was filed on June 23, 2015. *See* Compl., ECF No. 1. Following Defendants' Answer, Plaintiffs moved for an order conditionally certifying an FLSA collective action of similarly situated employees. ECF No. 47. This Court referred the motion to Judge Tiscione, who deferred ruling on the motion while the parties conducted limited discovery on issues

1

pertaining to certification.  *See* ECF No. 53.  Following that discovery, the parties submitted briefings regarding the motion for a conditional certification of an FLSA collective action.  *See* ECF Nos. 54–56.  In a Report and Recommendation submitted on November 23, 2016 and adopted by this Court, Judge Tiscione certified a collective action with respect to employees who worked at three out of the nineteen locations where Plaintiffs worked.  *See* Order, ECF No. 60; Report and Recommendation, ECF No. 57.

On July 21, 2017, this Court denied Plaintiffs' motion for certification of an interlocutory appeal.  *See* Decision, ECF No. 70.  Between October 13 and October 31, 2017, additional plaintiffs opted into the collective action.  *See* Consents to Become Party in a Collective Action, ECF No. 81–99.  Then, between January and June of 2018, Plaintiffs and their attorneys became unresponsive to discovery requests and failed to comply with Judge Tiscione's orders, which resulted in Judge Tiscione sanctioning Plaintiffs and dismissing certain unresponsive plaintiffs.  *See* ECF Nos. 109, 112–13, 128, 131.  Of the twenty plaintiffs who opted into the FLSA Collective Action, fourteen were dismissed with prejudice based on their failure to appear for depositions that were originally noticed in September 2018.  *See* ECF Nos. 128, 131, 145, 147.  Eight Plaintiffs remain in this action as of this date.

On March 13, 2020, Plaintiffs filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23, seeking to certify their NYLL claims as a class action.  *See* ECF Nos. 162, 166.  The Plaintiffs alleged that, as a result of the meal deductions and unpaid time washing uniforms, Plaintiffs' wages have been reduced below the federal and New York State minimum wages, in violation of 29 U.S.C. §206 and NYLL §602.  The proposed class is defined as follows:

> All employees of the Defendants worked from six years immediately preceding the date of the filing of the Complaint to present, who were employed by Defendants

> at locations in New York doing business as "Fay Da Bakery" to perform work as bakers, cashiers, and miscellaneous workers, and who either: (1) had a meal credit deducted from their pay by Defendants despite receiving from Defendants meals consisting of only coffee and bread in violation of 12 N.Y.C.R.R. § 146-3.7; (2) underwent a training/licensing period mandated by the Defendants and did not receive applicable New York minimum wage during their training/licensing period in violation of 12 N.Y.C.R.R. § 146-2.11; (3) were required by Defendants to purchase uniforms and were not reimbursed for the purchase of the said uniforms in violation of 12 N.Y.C.R.R. § 146-1.8; (4) were required by Defendants to launder their uniforms and were not either provided with laundry facilities to launder their uniforms or reimbursed for the cost, or compensated for the time spent on laundering their uniforms in violation of 12 N.Y.C.R.R. § 146-1.7; or (5) as a consequence of any of the above-numbered policies, was not paid the applicable New York minimum wage for all hours worked in violation of N.Y. C.L.S. Labor § 652 and 12 N.Y.C.R.R. § 146-1.2.

Pls.' Mem. of L. at 6. On May 14, 2020, this Court referred Plaintiffs' motion for class certification to Judge Tiscione. ECF No. 170. On September 16, 2020, Magistrate Judge Tiscione issued a thorough R&R, recommending the Court deny Plaintiff's motion for class certification. ECF No. 171. Plaintiff filed an objection to the R&R, arguing Judge Tiscione's conclusions "should not be followed." ECF No. 172, Pl.'s Obj. at 2–4. Specifically, Plaintiffs object to Judge Tiscione's conclusions that (1) Plaintiffs' motion was untimely; and (2) Plaintiffs failed to prove commonality and typicality under Rule 23. *Id.*

## DISCUSSION

### I.  Standard of Review

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). However, objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." *Vega v. Artuz*, 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (Swain, J.) (italics omitted) *see also Assenheimer v. Comm'r of Soc. Sec.*, 13-CV-8825, 2015 WL 5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (Ramos, J.) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (Holwell, J.) (same).

## II. Analysis

### A. Timeliness

Plaintiffs first challenge Magistrate Judge Tiscione's conclusion that their motion for class certification was untimely. Judge Tiscione determined "Plaintiff's motion for class certification is not merely untimely but prejudicially so." R&R at 12 (internal quotations and citations omitted). Plaintiff waited until March 13, 2020—nearly five years after the Complaint was filed and almost one year after the close of discovery—to file a motion for class certification. *Id.* Defendants raised the untimeliness argument in opposing Plaintiffs' motion for class certification. On reply, Plaintiffs argued their motion for class certification was timely because they lacked the necessary information to bring the motion earlier and that "significant discovery. . .was necessary before Plaintiffs could possibly move for class certification with any reasonable chance of success." *See* Memorandum in Reply. ("Pls.' Reply") at 2, ECF No. 169. The specific complaint Plaintiffs raise in objecting to the R&R is that "Judge Tiscione fixates on

the four-year gap in time between the filing of this action and the filing of the class certification motion" despite the fact that Plaintiffs were awaiting decision on summary judgment during this time. Pl.'s Obj. at 2. However, Plaintiffs raised this argument in their original briefs, which Judge Tiscione addressed in the R&R. Specifically, the R&R states, "Plaintiffs argue that their delay in bringing this motion was caused by the Court's prioritization of the summary judgment motion review. This does not absolve the Plaintiffs' tardiness, as Plaintiffs should not have waited until the deadlines for dispositive motions were approaching to indicate their intent to file this class certification motion." R&R at 13 n. 5. Therefore, Plaintiffs' first objection to the R&R—that Judge Tiscione incorrectly found their motion to be untimely—asks this court to rehash the same argument set forth by Plaintiffs in their original briefing and will not suffice to invoke de novo review. Given the perfunctory nature of this objection, this Court reviews for clear error and finds none. The Court hereby ADOPTS the conclusion of the R&R that Plaintiff's motion for class certification was untimely.

### B. Commonality and Typicality

Plaintiffs next object to Judge Tiscione's determination that Plaintiffs failed to prove commonality and typicality under Rule 23(a). In their objection, Plaintiffs note, "Judge Tiscione focused on a small factual difference between the plaintiffs and did not properly consider the preponderant common issues of law—whether the various entities form a single enterprise with a common core of management and centralized labor relations, and whether that enterprise maintained a unlawful meal deduction policy." Pl.'s Obj. at 3. Whether Plaintiffs proved commonality and typicality under Rule 23(a) was fully briefed in their motion for class certification and was fully addressed by Judge Tiscione in his R&R. Judge Tiscione completely considered Plaintiffs' arguments on commonality and typicality, reviewed the record thoroughly,

5

and concluded that "despite having spent an inordinate amount of time for protracted discovery, Plaintiffs are unable to come forward with evidence proving the existence of common policies applicable to the putative class across all fifteen (15) Fay Da bakery locations in New York." R&R at 15. Judge Tiscione concluded that Plaintiffs' affidavits in support of their motion were "lacking in detail, and fraught with inconsistencies and hearsay." *Id.* In conclusion, Judge Tiscione wrote:

> Given the inconsistencies in the factual record and the affidavits which lack detail, Plaintiffs are unable to prove the existence of common policies. If anything, the record suggests that the alleged violations would necessitate "an individual inquiry of the putative class members as to the elements of the alleged violations" based on the employee's work location and position which "defeats commonality" and typicality. *See Vu v. Diversified Collection Servs.*, 293 F.R.D. 343, 353 (E.D.N.Y. 2013). Accordingly, Plaintiffs' motion for class certification should be denied.

R&R at 19. Once again, Plaintiffs' objection to the R&R—that Judge Tiscione incorrectly determined that Plaintiffs failed to prove typicality and commonality—asks this court to rehash the same argument set forth by Plaintiffs in their original briefing and will not suffice to invoke de novo review. Accordingly, given the perfunctory nature of this objection, this Court reviews for clear error and finds none. The Court hereby ADOPTS the conclusion of the R&R that Plaintiff's failed to prove commonality and typicality under Rule 23.

## CONCLUSION

Upon a careful review of Magistrate Judge Tiscione's R&R, ECF No. 171, and the objection filed thereto, ECF No. 172, and for the foregoing reasons, the Court adopts the conclusions of the R&R. Accordingly, Plaintiffs' motion for class certification, ECF No. 162, is

DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 162 and 166.

**SO ORDERED.**

_s/ WFK_
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2021
      Brooklyn, New York